UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE, D.C.
LODGE 1, DPS LABOR COMMITTEE,
INC. 711 4th Street, N.W. Washington,
D.C. 20001

CIVIL ACTION NO. _____

v.

ROBERT M. GATES, in his official
capacity as Secretary of the Department
of Defense, 1000 Defense Pentagon,
Washington, DC 20301-1000

Defendant.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR REVIEW OF ADMINISTRATIVE ACTION

Plaintiffs Fraternal Order of Police, D.C. Lodge 1, Defense Protective Service Labor Committee, Inc., individually and on behalf of all other police officers similarly situated, sues the Defendant Robert M. Gates, in his official capacity as Secretary of the United States Department of Defense for declaratory and injunctive relief and to review and compel agency action unlawfully withheld.

## JURISDICTION AND VENUE

1.    This action arises under the Fifth Amendment to the United States Constitution and the Administrative Procedures Act, (APA), 5 U.S.C. §701, et. seq.

2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (deprivation of civil rights) and 5 U.S.C. §701-706 (judicial review of agency action).

3.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4.    Venue is proper pursuant to 28 U.S.C. §1391.

5.    Plaintiffs have exhausted their administrative remedies prior to initiating this action.

## PARTIES

6.    At all times material herein, Plaintiff Fraternal Order of Police, D.C. Lodge 1, Defense Protective Service Labor Committee, Washington, DC, (FOP) is a certified labor organization and the exclusive representative of police officers employed by the Department of Defense, Pentagon Force Protection Agency, concerning personnel policies and practices and other conditions of employment.

7.    At all times material herein, Robert M. Gates, is the Secretary of the Department of Defense (DoD), and is responsible for the operation and administration of the Department of Defense.

8.    The Pentagon Force Protection Agency (PFPA) is an agency within the Department of Defense and at all times subject to the authority and control of the Secretary of Defense.

## BACKGROUND AND FACTUAL ALLEGATIONS

9.    The plaintiffs repeat and reallege the allegation contained in paragraphs 1 through 8 as though full set forth herein.

10.    The FOP, is an organization created to represent the interests of its membership concerning the terms and conditions of employment with the defendant. The FOP is the exclusive representative for police officers at the defendant for purposes of collective bargaining with the

2

DoD.

11.     The FOP fosters fraternalism among its members and seeks to encourage member participation in the organization for the purpose of assisting the FOP in meeting its goals and objectives.

12.     Membership in the FOP by DoD PFPA police officers is voluntary. FOP membership entitles the plaintiffs to legal representation in matters concerning terms and conditions of employment.

13.     Membership in the FOP also affords members access to legal representation by attorneys retained by the FOP for the purpose of bring legal action against the defendant even though the member would have a right to bring a suit in their own right.

14.     The FOP has an obligation to its members to provide legal representation and assistance on behalf of any member concerning all matters relating to a member's employment with the defendant.

15.     Accordingly, the interests the FOP seeks to protect in this proceeding are germane to the FOP's purpose.

16.     Neither the claims asserted by the FOP nor the relief requested requires the participation of individual members in this lawsuit.

17.     In the same vein, the FOP represents the specific interests of Police Officers Tiffany Chessier, Walter Jones, Michael Walsh, Leroy Lawrence, Jorge Quesada, Randy Bocock, Martin Mills, Kenneth Nichols, Jason Whitney, Labront Makle, Michael Talbert, and Nadell Scott.

18.     The specific individuals listed in paragraph 17 are current and/or former police officers and federal employees who have or had  a property interest in their continued

3

employment.

19.     As federal employees, the individuals specified in paragraph 17 have constitutional and statutory rights:

a.     not to be disciplined or removed from federal employment except for such cause as would promote the efficiency of the service;

b.     not to disciplined or removed from federal employment without due process of law;

c.     to receive fair and equitable treatment in all aspects of personnel management without regard to political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy and constitutional rights; and

d.     to receive a periodic appraisal of their job performance and the right to appeal the appraisal when the employee disputes the rating.

20.     The individuals named in paragraph 17 also have statutory and contractual rights of appeal concerning agency action which:

a.     disciplines or removes them from federal employment for such cause which does not promote the efficiency of the service;

b.     disciplines or removes them from federal employment without due process of law;

c.     subjects them to unfair and inequitable treatment in all aspects of personnel management resulting from political affiliation, race, color, religion, national origin, sex, marital status, age, or handicapping condition, and with proper regard for their privacy and constitutional rights; and

d.     denies them a periodic appraisal of their job performance or the right to appeal the

4

appraisal when the employee disputes the rating.

21.     The FOP and the defendant are parties to a collective bargaining agreement which provides a grievance and arbitration procedure for the resolution of disputes and which further authorizes the FOP the right to resolve such disputes for its members.  (Exh. A)

22.     Article 51 of the agreement between the FOP and the defendant provides:

Section 51.01  Arbitration

a.     Within twenty (20) days following a receipt of a decision at Step 3, the party who initiated the grievance will notify the other party if it intends to submit the matter to arbitration.  Within seven (7) days after notification, the moving party will request a panel of arbitrators from the Federal Mediation and Conciliation Service (FMCS) or any other source.  Within fourteen (14) days from receiving a list of arbitrators, the Parties will select an arbitrator.  If the panel is unacceptable to either party one additional panel may be requested.  If the Parties cannot agree upon an arbitrator, they will strike one (1) name from the list alternately and then repeat this procedure until only one (1) name remains.  The person whose name remains will be selected as the arbitrator.  The party striking the first name from the list in each case will be chosen by a coin toss or otherwise as agreed.

23.     The FOP complied with the provisions of Section 51.01 in processing the various grievances for the specified individuals identified in paragraph 17.

24.     The following FMCS arbitration panel cases are presently pending:

| Tiffany Chessier | - | AWOL and Leave | FMCS 05-0923-57920-A |
| Walter Jones | - | Medical Removal | FMCS 05-0923-58153-A |
| Michael Walsh | - | Physical Standards | FMCS 05-0809-58137-A |
| FOP | - | Official Time | FMCS 06-0111-01553-A |
| Leroy Lawrence | | Performance Appraisal | FMCS-06-0111-01559-A |
| Jorge Quesada | - | Performance Appraisal | FMCS 06-0111-01560-A |
| Randy Bocock | - | Performance Appraisal | FMCS 06-0111-01560-A |

| | | | |
|---|---|---|---|
| Kenneth Nichols | - | Disciplinary Suspension | FMCS 06-0112-01594-A |
| Jason Whitney | - | Disciplinary Suspension | FMCS 06-0112-01597-A |
| FOP Conference 2006 | - | Official Time Dispute | FMCS 06-0602-01595-A |
| Labront Makle | - | Disciplinary Suspension | FMCS 06-0602-03799-A |
| Michael Talbert | - | Procedural Dispute | FMCS 06-0602-03803-A |
| Nadelle Scott | - | Procedural Dispute | FMCS 06-0602-03803-A |
| Uddin Rajah | - | Disciplinary Suspension | FMCS 06-0602-03802-A |
| Martin Mills | - | Removal | FMCS 07-0301-54252-A |

25.     For more than a year in some cases and up to three years in others, the FOP has been attempting to have the defendant meet and select an arbitrator from the respective FMCS lists.

26.     The defendant refuses to meet with the FOP and select an arbitrator from the respective FMCS lists.

27.     On September 4, 2007, the FOP wrote defendant's Personnel Director Renee Coates in a final attempt to meet and select an arbitrator from the respective FMCS lists.  The FOP received no response from the defendant.  (Exh. B)

28.     On September 6, 2007, the FOP wrote the defendant's deputy general counsel in a final attempt to meet and select an arbitrator from the respective FMCS lists. The FOP received no response from the defendant.  (Exh. C)

### FIRST CAUSE OF ACTION

**Violation of Constitutional Rights Under the APA**
**(Fifth Amendment - Denial of Procedural Due Process)**

29.     The plaintiff repeats and realleges the allegations contained in paragraphs 1

6

through 28 as though fully set forth herein.

30.    The actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is contrary to plaintiff's and its member's constitutional rights, powers, privileges or immunities under the Fifth Amendment to the United States Constitution, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B).

## SECOND CAUSE OF ACTION
### Violation of Statutory Rights Under the APA
### (Violation of Procedural Due Process)

31.    The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32.    The actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is contrary to plaintiff's and its member's statutory rights under 5 U.S.C. §7114(a)(5); 5 U.S.C. §7121(b); 5 U.S.C. §7503; 5 U.S.C. §7512; 5 C.F.R. Part 752, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(C).

## THIRD CAUSE OF ACTION

### Violation of Constitutional And Statutory Rights Under the APA
### (Fifth Amendment - Equal Protection of the Law)

33.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34.    The actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is contrary to plaintiff's and its member's constitutional rights  powers, privileges or immunities under the Fifth Amendment to the United States

7

Constitution and denies the plaintiffs equal protection under the law, and statutory rights under 5 U.S.C. §7114(a)(5); 5 U.S.C. §7121(b); 5 U.S.C. §7503; 5 U.S.C. §7512; 54 C.F.R. Part 752, and therefore, are not in accordance with the "APA" pursuant to and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B) and 5 U.S.C. §706(2)(C).

## FOURTH CAUSE OF ACTION

### Arbitrary and Capricious Action in Violation of
### the Administrative Procedures Act

35.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 34 as though fully set forth herein.

36.    The actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A).

## FIFTH CAUSE OF ACTION

### Excess of Statutory Authority in Violation of
### the Administrative Procedures Act

37.    The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38.    The actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is restricting and abolishing the rights of the FOP and its members to exercise their statutory rights of appeal as federal employees and is in excess of the defendant's statutory jurisdiction, authority, or limitations and otherwise not in accordance with the law and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(C).

8

**PRAYER FOR RELIEF**

*WHEREFORE*, the Plaintiff demands judgment against the Defendant and requests that this Court:

A.    Declare that the defendant's actions in refusing to meet with and select an arbitrator from the various FMCS lists is unconstitutional under the Fifth Amendment to the United States Constitution and a denial of equal protection of the law;

B.    Declare that the defendant's action in refusing to meet and select an arbitrator is: (i) contrary to the plaintiff's and its member's constitutional rights; (ii) in excess the defendant's statutory authority; (iii) arbitrary and capricious; and (iv) otherwise not in accordance with the law and therefore, not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A), (B) and (C).

C.    Enjoin the defendant from further failure and refusal from meeting with the FOP in a timely manner and selecting an arbitrator.

D.    Award attorney fees and costs incurred in bring this action; and

E.    Such further relief as the Court deems just and proper.

9

Respectfully submitted,

Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
Attorney for the Plaintiffs
2100 M Street, N.W. Suite 170-283
Washington, D.C.  20037-1233

(703)416-1036          Office
(703)416-1037          Office Fax

**E-mail:**          <u>sgd853@aol.com</u>

Dated: September 13, 2007

# EXHIBIT A

Section 49.05        **No Modification**

Last chance agreements will not in any way modify or otherwise change this Agreement.

Section 49.06        **Criteria**

Last chance agreements will not be valid unless:

a. The employee is given the opportunity to consult and/or discuss the matter with the Union chair or designee;

b. The employee signs a statement agreeing not to hold the FOP responsible in any way; and

c. Signed in the presence of the employee's representative.

Section 49.07        **Challenges**

Challenges to a last chance agreement may be made only to adjudicate whether the employee violated the terms of the agreement.

## ARTICLE 50

## GRIEVANCE PROCEDURE

Section 50.01        A grievance is any complaint by an employee concerning any matter relating to the employment of the employee; or by the Union concerning any matter relating to the employment of any unit employee; or by any employee, the Union or Employer concerning:

a. The effect or interpretation, or claim of breach of this agreement; or

b. Any claimed violation, misinterpretation or misapplication of any law, rule, or regulation affecting conditions of employment.

Section 50.02        The Employer and the Union recognize that disagreements will arise in a work situation. As a result, employees and supervisors are encouraged to attempt to resolve grievances or other work related concerns informally and at the lowest level possible. However, the Employer recognizes that employees, groups of employees, the Union or the Employer are entitled to file and seek resolution of grievances under the

provisions of the negotiated grievance procedure. The Employer agrees not to interfere with, restrain, coerce or engage in any reprisal against an employee or Union representative for exercising the rights contained in this agreement and this article.

Section 50.03    This procedure provides for the timely consideration of grievances. Except as limited or modified by this article, this article will be the exclusive procedure available to the Parties and the employees in the unit for resolving grievances. Any employee, group of employees or the Parties may file a grievance under this procedure. The Parties shall cooperate to resolve grievances informally at the earliest possible time and at the lowest supervisory level.

Section 50.04    This procedure shall not apply to any grievance concerning:

    a. Any claimed violation of subchapter III of Chapter III Title 5 U.S.C. (Relating to prohibited political activities);

    b. Retirement, life insurance, or health insurance;

    c. A suspension or removal under Section 7532, Title 5 U.S.C. (relating to national security matters);

    d Any examination, certification, or appointment under referred to in Title 5 U.S.C. 7121(c)(4);

    e. The classification of any position which does not result in the reduction-in-grade or pay of any employee;

    f. The discharge of probationers;

Section 50.05    In matters relating to Equal Employment Opportunity; Prohibited Personnel Practices; Whistleblowing; adverse actions; removal or reduction in grade for unacceptable performance; reduction in grade, reduction in pay; and a furlough of thirty (30) days or less, an aggrieved employee will have the option of utilizing this grievance procedure or any other procedure available in law or regulation, but not both. An employee will have exercised that option when a grievance or appeal within a statutory procedure has been filed within the applicable time limits.

Section 50.06    Employees are entitled to be assisted by the Union in the presentation of grievances. Any employee or group of employees covered by this procedure may present grievances without the assistance of the exclusive representative, as long as the exclusive representative has been given the opportunity to be present during the grievance proceedings. No other individual(s) may serve as the employee's representative in the

processing of a grievance under this procedure, unless designated by the Union. The right of individual presentation does not include the right of taking the matter to arbitration unless the Union agrees to do so.

Section 50.07       In disciplinary and/or adverse action cases where a decision has been made in response to a notice of proposed disciplinary/adverse action, the grievance may be filed directly at Step 3 of this procedure with the deciding official or designee within fifteen (15) days of the final decision.

Section 50.08       A grievance must be initiated within fifteen (15) calendar days of the incident or knowledge of the incident which gave rise to the grievance by the Union or the employee. Any grievance failing to comply with this time limit will not be presented or considered at a later time except by mutual consent of the Parties.

Section 50.09       Employee, Union or Employer initiated grievances will be processed in accordance with the following steps and will contain, as a minimum, the following information:

   a.  The issue or occurrence giving rise to the grievance;

   b.  The provision(s) of this Agreement, law, rule or regulation alleged to have been violated;

   c.  Relevant evidence and information;

   d.  The relief requested; and

   e.  Whether a meeting is requested.

   **STEP 1.**  An employee/representative will first present the grievance in writing to the employee's immediate supervisor. The immediate supervisor will review the complaint. The immediate supervisor should consult with the chain-of-command or the official with the authority to resolve the issue prior to providing a response to the grievance. The supervisor will provide a written response within seven (7) calendar days of the receipt of the grievance.

   **STEP 2.**  If the employee/representative is not satisfied with the decision at Step 1, he/she may seek further consideration of the grievance by submitting the grievance to the Watch Commander or designee within seven (7) calendar days of the receipt of the answer at Step 1. The Watch Commander or designee will make an inquiry into the facts and provide a written decision within seven (7) calendar days of the receipt of the grievance.

STEP 3. If the employee/representative is not satisfied with the decision at Step 2, he/she may seek further consideration of the grievance by submitting the grievance to the Bureau Commander or designee within seven (7) calendar days of the receipt of the answer at Step 2. The Bureau Commander or designee will make an inquiry into the facts and provide a written decision within seven (7) calendar days of the receipt of the grievance.

Section 50.10        If the Employer's decision at Step 3 is unsatisfactory, the Union may invoke arbitration in accordance with this agreement.

Section 50.11        At any step where the Union or employee does not advance the grievance to the next step, the grievance will be deemed resolved. Where the Employer fails to respond with the allotted period and no extension of time has been requested, the grievance will advance to the next step.

Section 50.12        Either party may request in writing and receive extensions of the time limits prescribed above.

Section 50.13        Union Initiated/Employer Initiated Grievances

Union or Employer initiated grievances, pending on the case, will be filed directly with the Union Chair or the Chief of Police or designee within fifteen (15) days of the incident or knowledge of the incident which gave rise to the grievance. Any grievance failing to comply with this time limit will not be presented or considered at a later time except by mutual consent of the Parties. The Parties will make an appropriate inquiry into the facts and provide a final written decision within seven (7) calendar days of receipt of the grievance. If the decision is unsatisfactory, the Union or Employer, as the case may be, may invoke arbitration in accordance with this agreement. Either party may request, in writing and receive extensions of the time limits prescribed.


# ARTICLE 51

## ARBITRATION PROCEDURE

Section 51.01        **Arbitration**

a. Within twenty (20) days following receipt of a decision at Step 3, the party who initiated the grievance will notify the other party if it intends to submit the matter to arbitration. Within seven (7) days after notification, the moving party will request a panel of arbitrators from the Federal Mediation and Conciliation Service (FMCS) or any other source. Within fourteen (14) days from receiving a list of arbitrators, the Parties will select an arbitrator. If the panel is unacceptable to either party one additional panel may be

requested. If the Parties cannot agree upon an arbitrator, they will strike one (1) name from the list alternately and then repeat this procedure until only one (1) name remains. The person whose name remains will be selected as the arbitrator. The party striking the first name from the list in each case will be chosen by a coin toss or otherwise as agreed.

b. As an alternative to the above procedures, the Parties may mutually agree upon an arbitrator or panel of arbitrators to be used on a rotating basis.

Section 51.02        **Scheduling/Official Time/Witnesses**

The grievance will be heard by the arbitrator as promptly as practicable on a date and site mutually agreeable to the Parties. The grievant will be given a reasonable amount of official time for preparation and to present the grievance. All requests to schedule such time will be made by an officer directly to his/her Watch Commander. Employees who are called as witnesses will also be on official time. The Employer agrees to adjust the schedules of witnesses to allow them to appear at the arbitration. Each party will bear the expense of its own witnesses who are not employed by the Employer or who are not located at the duty location where the grievance arose.

Section 51.03        **Pre-Hearing Procedures**

a. As soon as possible after the selection of the arbitrator, but not later than ten (10) days before a scheduled hearing, the Parties will meet in an attempt to stipulate facts and issues in the case for joint submission to the arbitrator. The meeting requirement may be met in person, by telephone or any other method the Parties agree upon. The Parties will exchange copies of exhibits they intend to present. This section will not preclude a party from introducing rebuttal documents without prior notice. At this time the Parties will also exchange lists of potential witnesses to the scheduled hearing. This section will not preclude a party from introducing rebuttal witnesses without prior notice.

b. Where no material issues of fact exist, the Parties may agree to forego a formal hearing and present the grievance directly to the arbitrator for a written decision based on stipulations and written submissions. In such circumstances the arbitrator will be authorized by the Parties to make findings and conclusions and issue an award based on those submissions.

Section 51.04        **Hearing Procedures**

a. The arbitrator will have the following authority:

(1) Administer oaths and affirmations;

(2)  Make determinations as to the calling, examining and cross-examining of witnesses and introduction into the record of documentary or other evidence;

(3)  Rule upon offers of proof and receive relevant evidence and stipulation of facts with respect to any issue; approve/disapprove cumulative evidence;

(4)  Limit lines of questioning or testimony which are immaterial, irrelevant, unduly repetitious or customarily privileged;

(5)  Regulate the course of the hearing, including ruling on motions when appropriate;

(6)  Draw any appropriate inference if a party fails to present facts or witnesses that the arbitrator deems necessary;

(7)  Hold conferences for the simplification of the issues by consent of the Parties;

(8)  Request the Parties at any time during the hearing to state their respective positions concerning any issue in the case or theory in support thereof;

(9)  Continue the hearing from day to day, or adjourn it to a later date with appropriate notice;

(10)  Take official notice of any material fact not appearing in evidence in the record which is among the traditional matters of judicial notice;

(11)  Sequester or exclude witnesses where appropriate.

b.  The arbitrator will confine himself/herself to the precise issue submitted for arbitration and will have no authority to determine any other issues not so submitted to him/her.  The arbitrator will have no authority to change, alter, modify, delete or add to the terms and/or provisions of this Agreement.

Section 51.05        **Rights of the Parties**

The Parties will have the right to:

a.  Appear in person or by representative;

b.  Examine and cross examine witnesses;

c.  Introduce into the record relevant evidence;

d. Have a reasonable period prior to the close of the hearing for oral argument. Presentation of a closing argument does not preclude a party from filing a post hearing brief.

e. File a post hearing brief with the arbitrator. No reply brief may be filed unless requested or approved by the arbitrator;

f. Have copies of all documents filed with the arbitrator at any stage of the preceding simultaneously served on the other party.

## Section 51.06      Award

The arbitrator will submit his/her award to the Parties as soon as possible, but in no event later than thirty (30) days following the close of the record before him/her unless the Parties mutually agree to a specific extension. The arbitrator will make findings of fact and conclusions of law setting forth the basis of the decision. The decision of the Arbitrator is final and binding except that exceptions may be filed in accordance with section 51.08. If post hearing briefs are to be filed and the Union's advocate is an employee of the Employer, official time in accordance with Article 12 will be granted to prepare the post hearing brief The request to schedule such time will be made by an officer directly to his/her Watch Commander.

## Section 51.07      Expenses/Costs

The arbitrator's fees and expenses will be borne 55% by the Employer and 45% by the Union. If a verbatim transcript of the hearing is made and either party desires a copy of the transcript, the party will bear the expense of the copy or copies they obtain. The Parties will share equally the cost of the transcript, if any, supplied to the arbitrator. If, prior to the arbitration hearing or decision, the Parties resolve the grievance, any cancellation fee will be borne equally by the Parties. If a party requests arbitration and later withdraws the request for any reason other than resolution, or requests a delay in a scheduled arbitration, that party will pay the full cost of any cancellation fee and other charges imposed by the arbitrator.

## Section 51.08      Exceptions to an Arbitrator's Award

a. The Parties retain their rights under 5 U.S.C. 7122, 7123 and 7702.

b. Any exceptions to an award must be filed in accordance with the rules and regulations of the Federal Labor Relations Authority (FLRA).

c. The filing of an exception with the FLRA will serve to stay any implementation of the award until the Authority renders a final decision on the matter.

Section 51.09          **Expedited Arbitrations**

a. By mutual consent and in cases other than disciplinary/adverse actions, either party may refer a particular grievance to expedited arbitration in lieu of the normal grievance process in this procedure. An arbitrator will be selected as described in section 51.01.

b. The hearing will be conducted as soon as possible and will be informal in nature. There will be no briefs and no official transcripts, and the arbitrator will issue a decision as soon as possible, but not later than five (5) days after the official closing of the hearing unless otherwise agreed between the Parties.

Section 51.10          **Access to Information**

In the processing and handling of grievances under this procedure, the Union will have access to such information that is relevant and necessary to the processing of a grievance in accordance with 5 U.S.C. 7114(b)(4) and where disclosure is not prohibited by law. Should the Union make a written request for information it believes is necessary in connection with a pending arbitration, the Employer will respond to such a request within two (2) days either providing the requested information, setting forth a schedule for the production of the requested information, or explaining why such information does not fall within the purview of Section 7114(b)(4) of the Statute. In connection with a question of relevance or necessity, the Parties will meet in an attempt to resolve the matter. Having met, should the Parties still not be able to reach agreement on the production of requested information, they will make a joint request of the Federal Labor Relations Authority for an expedited decision on the information request.

Section 51.11          **Attorney Fees**

In any event where a party petitions the arbitrator for an award of attorney fees, the Parties will apply the procedures and precedent of the Merit Systems Protection Board in seeking an award of fees.

# EXHIBIT B

# LAW OFFICES OF STEPHEN G. DE NIGRIS

STEPHEN G. DENIGRIS
ADMITTED IN FL, NY, D.C.

2100 M STREET, N.W.
SUITE 170-283
WASHINGTON, D.C. 20037-1233

TELEPHONE: 703-416-1036
TELECOPIER: 703-416-1037



**BY FACSIMILE (703)614-8239**
**AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED 7007-1490-0002-2616-3099**

September 4, 2007

Renee Coates
Director of Personnel
Pentagon Force Protection Agency
9000 Defense Pentagon
Washington, DC 20301-9000

    Re:    Renewed Demand to Select Arbitrators

Dear Ms. Coates:

    This office represents the Fraternal Order of Police. Over the past several months, the FOP has requested to meet with your office concerning the selection of arbitrators on several disciplinary matters. My records reflect the following panels have been received by the parties and that the selection of an arbitrator is presently outstanding:

| | | | |
|---|---|---|---|
| FTEP | - | | FMCS 04-08228 & 08229 |
| Tiffany Chessier | - | AWOL and Leave | FMCS 05-0923-57920-A |
| Walter Jones | - | Medical Removal | FMCS 05-0923-58153-A |
| Michael Walsh | - | Physical | FMCS 05-0809-58137-A |
| Union Time | - | Official Time | FMCS 06-0111-01553-A |
| Off. Lawrence | - | Performance | FMCS-06-0111-01559-A |
| Quesada/Bocock | - | Performance Appraisals | FMCS 06-0111-01560-A |
| Kenneth Nichols | - | Disciplinary Suspension | FMCS 06-0112-01594-A |
| Jason Whitney | - | Disciplinary Suspension | FMCS 06-0112-01597-A |

A PROFESSIONAL CORPORATION REPRESENTING LAW ENFORCEMENT OFFICERS AND PUBLIC EMPLOYEES AT THE FEDERAL, STATE, AND LOCAL LEVELS.
INTERNET: SGD853@AOL.COM

| FOP Conference 2006 - | Official Time | FMCS 06-0602-01595-A |
| Labront Makle | - | Disciplinary Suspension | FMCS 06-0602-03799-A |
| Talbert/Scott/Rajah | - | Disciplinary Actions | FMCS 06-0602-03803-A |
| Marty Mills | - | Removal | FMCS 07-0301-54252-A |

    I would like to have someone authorized from your staff to contact me by telephone at (703)416-1036 on Wednesday, September 5, 2007, so that we can complete the selection process on these matters by telephone. The delay, as it applies to the various disciplinary actions and removals is particularly important as these employees and the agency deserve a speedy resolution of the cases as they involve back pay and attorney fees.

Sincerely,

Stephen G. DeNigris, Esq.
Chief Legal Counsel to the FOP

# EXHIBIT C

# LAW OFFICES OF STEPHEN G. DE NIGRIS

STEPHEN G. DENIGRIS
ADMITTED IN FL, NY, D.C.

2100 M STREET, N.W.
SUITE 170-283
WASHINGTON, D.C. 20037-1233

TELEPHONE: 703-416-1036
TELECOPIER: 703-416-1037



**BY FACSIMILE (703)697-1068**

September 6, 2007

Don Perkal, Esq.
Deputy General Counsel
Washington Headquarters Services
1155 Defense Pentagon
Washington, D.C. 20301-1155

      Re:    PFPA Refusal to Select Arbitrators

Dear Mr. Perkal:

      I am writing concerning the agency's continued refusal to meet and select arbitrators with the FOP. I wrote Ms. Coates on September 4, 2007, asking her to have someone from her staff call me so that we could do the selections by telephone in order to expedite these matters. I received no response. Some of these cases are from 2004 and 2005. Presently, the following arbitration panel selections are pending:

| | | | |
|---|---|---|---|
| FTEP | - | | FMCS 04-08228 & 08229 |
| Tiffany Chessier | - | AWOL and Leave | FMCS 05-0923-57920-A |
| Walter Jones | - | Medical Removal | FMCS 05-0923-58153-A |
| Michael Walsh | - | Physical | FMCS 05-0809-58137-A |
| Union Time | - | Official Time | FMCS 06-0111-01553-A |
| Off. Lawrence | - | Performance | FMCS-06-0111-01559-A |
| Quesada/Bocock | - | Performance Appraisals | FMCS 06-0111-01560-A |
| Kenneth Nichols | - | Disciplinary Suspension | FMCS 06-0112-01594-A |
| Jason Whitney | - | Disciplinary Suspension | FMCS 06-0112-01597-A |
| FOP Conference 2006 - | | Official Time | FMCS 06-0602-01595-A |

| Labront Makle | - | Disciplinary Suspension | FMCS 06-0602-03799-A |
| Talbert/Scott/Rajah | - | Disciplinary Actions | FMCS 06-0602-03803-A |
| Marty Mills | - | Removal | FMCS 07-0301-54252-A |

I am especially concerned over the disciplinary matters pending arbitrator selection. I believe it is a denial of the employees' due process rights when the agency fails or refuses to select an arbitrator from an FMCS panel. Accordingly, absent agency contact with me to select an arbitrator from the various panels, I will initiate action in federal district court on September 12, 2007. I am willing to do this by telephone in order not to inconvenience agency personnel. I have the lists of panels for each case listed. I am providing my private cell number (571-220-9341) in order to further expedite these matters.

Sincerely,

Stephen G. DeNigris, Esq.

# CIVIL COVER SHEET

JS-44
Rev.1/05 DC)

## I (a) PLAINTIFFS

Fraternal Order of Police, DC Lodge 1, Defense
Protective Service Labor Committee, 711 4th ST NW Washington, DC 20001
(202)408-7767

## DEFENDANTS

Robert M. Gates, in his official capacity as Secretary of
Defense, 1000 Defense Pentagon, Wash. DC 20301-1000

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen G DeNigris, Esq. 2100 M St NW Ste.
170-283, Washington, DC 20037 (703)416-1036;
(703)416-1037(fax); E-mail:sgd853@aol.com

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01624
Assigned To : Collyer, Rosemary M.
Assign. Date : 9/13/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5th Amd. US Constitution (Viol. Due Process; Equal Protection) — Viol. APA, 5 USC Sect. 706(2)(A)-(C)

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 0.00 <br> **JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐ NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 9/13/2007    SIGNATURE OF ATTORNEY OF RECORD *[signature]* DC Bar 446697

Stephen G. DeNigris

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.