UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE, | ) | |
| D.C. LODGE 1, DEFENSE PROTECTIVE | ) | |
| SERVICES LABOR COMMITTEE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1624 (RMC) |
| | ) | |
| | ) | |
| ROBERT M. GATES, Secretary of the | ) | |
| Department of Defense | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant Robert Gates, in his official capacity, moves, pursuant to FED. R. CIV .

P. 12 (b)(6), to dismiss the Complaint for failure to exhaust administrative remedies.  In

support of this motion, the Court is respectfully referred to the accompanying

memorandum of points and authorities.  A proposed Order consistent with this motion

is attached.

Respectfully Submitted,

_____/s_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____/s_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE, | ) | |
| D.C. LODGE 1, DEFENSE PROTECTIVE | ) | |
| SERVICES LABOR COMMITTEE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1624 (RMC) |
| | ) | |
| | ) | |
| ROBERT M. GATES, Secretary of the | ) | |
| Department of Defense | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

**INTRODUCTION**

Fraternal Order Of Police D.C. Lodge 1, Defense Protective Services Labor Committee, Inc.[1] ("Plaintiff")  brings this suit on behalf of its members raising allegations in connection with grievances filed against the Department of Defense ("Defendant").[2]  Specifically, Plaintiff alleges that its members grieved[3] various

---

[1]  The Fraternal Order of Police, D.C. Lodge 1, is, at the time of this motion and all times relevant herein, the exclusive representative of 083 series police officers employed by the Department of Defense, Pentagon Force Protection Agency.

[2]  The term "Defendant" used in this memorandum refers to the Department of Defense, Pentagon Force Protection Agency.

[3]  Union and Defendant are parties to a collective bargaining agreement ("CBA") which provides a grievance process for members and was in force at all times relevant to the Complaint.  (*See* Compl. ¶ 21–22.)

employment matters to the Defendant, that as a part of this grievance process these members validly invoked arbitration, and that Defendant refused to participate in this arbitration. Plaintiff claims that Defendant's non-participation in arbitration violates its members' constitutional and statutory rights under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* The constitutional rights allegedly violated are: Procedural Due Process (First Cause of Action) and Equal Protection (Third Cause of Action). Plaintiff further alleges statutory violations under the APA of: "Procedural Due Process" (Second Cause of Action), Arbitrary and Capricious Action (Fourth Cause of Action) and Excess of Statutory Authority (Fifth Cause of Action).

Plaintiff's Complaint fails to state a claim on any of these bases. As explained below, Plaintiff failed to exhaust administrative remedies. Accordingly, Defendant's Motion to Dismiss the Complaint should be granted.

## ARGUMENT

It is well settled that the United States enjoys immunity from suit except where it has expressly consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *See, e.g., United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Here, Plaintiff's claim invokes the Fifth Amendment to the Constitution and the APA as the bases for their claims. However, as explained below, neither the constitutional nor the statutory provisions entitle Plaintiff to any relief. Instead, all the relief to which they may be entitled is provided under the Federal

Services Labor Defendant Relations Act ("FSLMRA") under the Civil Service Reform

Act ("CSRA").

I.     Plaintiff's Claims Under the APA Must Be Dismissed for Failure to Exhaust
       Administrative Remedies.

       In his Second Cause of Action,[4] Plaintiff claims relief under 5 U.S.C. § 706(2)(c)

(2007).  Section 702 of the APA enacts a limited waiver of sovereign immunity for: "[a]

person suffering legal wrong because of agency action, or adversely affected or

aggrieved by agency action within the meaning of a relevant statute . . . ."  5 U.S.C.

§ 702.  However, a plaintiff may not rely on this waiver "if any other statute that grants

consent to suit expressly or impliedly forbids the relief which is sought."  *Id.*

       In this case, as explained below, the APA's waiver of sovereign immunity is

specifically precluded by provisions of the FSLMRA within the CSRA.  Consequently,

Plaintiff cannot obtain relief under the APA.

       A.  The FSLMRA Precludes APA Review Because It Provides Complete Relief
           and Because Plaintiff Failed to Exhaust Administrative Remedies.

       The FSLMRA, 5 U.S.C. § 7101 *et seq.*, provides Plaintiff with all the remedies to

which it is entitled in connection with the issues raised in the Complaint.  Therefore,

APA review is not available.  5 U.S.C. §§ 701, 704 (permitting APA review only for final

agency action "for which there is no other adequate remedy"); *Dew v. United States*, 192

F.3d 366, 371 (2d Cir. 1999)(holding APA does not waive sovereign immunity where

---

[4]The Second Cause of Action will be addressed first since, as will be explained below, it subsumes the First Cause of Action.

another statute provides a form of relief which is expressly or impliedly exclusive), *cert.*

*denied*, 529 U.S. 1053 (2000); *Mittleman v. United States*, 997 F. Supp. 1, 13 n.30 (D.D.C.

1998).

It is "well-settled" that United States District Courts possess the "authority to

*enjoin* unconstitutional government actions." *Nat'l Fed'n of Fed. Empls. v. Weinberger*, No.

86-5432, slip op. at 9 (D.C. May 15, 1987)(emphasis in original).[5]  However, the general

rule is that exhaustion of available remedies is a prerequisite to obtaining judicial relief

for an actual or threatened injury.  *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41,

50–51 (1938); *Am. Coal. for Competitive Trade v. Clinton*, 128 F.3d 761, 766 (D.C. Cir. 1997);

*Nat'l Treas. Empls. Union v. King*, 961 F.2d 240, 243(D.C. Cir. 1992); *Steadman v. U.S.*

*Soldiers & Airman's Home*, 918 F.2d 963, 966 (D.C. Cir. 1990); *Andrade v. Lauer*, 729 F.2d

1475, 1484 (D.C. Cir. 1984); *cf. Ramirez v. U.S. Customs & Border Prot.*, 477 F. Supp. 2d

150, 155 (D.D.C. 2007)(allowing a Federal suit to proceed where the plaintiff *had*

exhausted administrative remedies when the Office of Special Counsel dismissed

plaintiff's complaint).  The FSLMRA itself supports this position.  Section 7123(a) in

relevant part provides that "[a]ny person aggrieved by any final order of the Authority

. . . may . . . institute an action for judicial review of the Authority's order in the United

States Court of Appeals . . . ."  5 U.S.C. § 7123(a)(2007).  Given the requirement to

---

[5]  Defendant notes that while plaintiff claims the right to declaratory relief under 28 U.S.C. §§ 2201–02 as authority for this action (Compl. ¶ 3.), the essence of Plaintiff's Complaint plainly aks this Court to compel (i.e. positively enjoin) Defendant to arbitrate.  (Compl. "Prayer for Relief" ¶ C.)  These respective remedies are distinct, and to obtain the higher level of relief Plaintiff seeks, an injunction, plaintiff must allege and meet the higher standard of substantial likelihood of irreparable harm.  *See Steffel v. Thompson*, 415 U.S. 452 (1974).

exhaust administrative remedies, it follows that the type of relief sought must actually

be available through the administrative process. *McCarthy v. Madigan*, 503 U.S. 140,

146–49 (1992). Since, as will be explained below, the FLRA may compel an agency or a

union to arbitrate, Plaintiff should have first sought relief there.

The FSLMRA permits individuals to seek a remedy for unfair labor practices

before the Federal Labor Relations Authority ("FLRA"). 5 U.S.C. § 7116 (2007). Any

collective bargaining agreement which exists between a Federal employer and a union

must include "procedures for the settlement of grievances, including questions of

arbitrability."[6] 5 U.S.C. § 7121(a)(1). Included within the definition of unfair labor

practices is an agency's refusal to participate in arbitration, and if a party refuses to

participate in arbitration, the aggrieved party may seek equitable relief through the

FLRA. *Dep't of Army v. Nat'l Ass'n of Gov't Empls.*, 22 FLRA No. 71, at 7–10

(1986)(holding that failing to comply with the requirements of § 7121 constitutes an

unfair labor practice under §§ 7116(a)(1) & (8)); *Dep't of Labor v. Am. Fed. of Gov't Empls.*

("*AFGE*"), 10 F.L.R.A. 316, 321 (1982)(determining that a party may not unilaterally

refuse to participate in arbitration under § 7121). To enforce this statutory scheme,

Congress empowered the FLRA with equitable powers to compel a party to a collective

bargaining agreement to arbitrate. § 7118(a)(7)(A); *see, e.g., AFGE*, 10 F.L.R.A. at 322

(ordering the agency to "cease and desist from unilaterally refusing or failing to

---

[6] Indeed, the CBA includes these mandated grievance procedures. (*See, e.g.*, Compl. ¶ 22. & Compl. Exh. A.)

proceed to arbitration regarding a grievance . . . .").  A case from the Court of Appeals for the District of Columbia Circuit, is particularly illustrative of this point.

In *Steadman*, union members sought to invoke the equitable powers of the District Court to compel the union to arbitrate their claims against the agency after the union had allegedly breached their duty to arbitrate on behalf of its members. *Steadman*, 918 F.2d at 966.  Although the District Court below acknowledged the FLRA had exclusive jurisdiction over unfair labor practice claims, that Court had nonetheless considered the plaintiff union members' constitutional due process claims based on a "jurisdictional theory".  *Id.*  In reversing, the Circuit Court opined:

> The anterior question presented is whether the district court had jurisdiction or whether, as the government argues, appellees were obliged to pursue their available remedies under the CSRA, which, in this case, would have been an unfair labor practice charge brought before the General Council of the FLRA.  We think the government is correct and that the district court judge improperly interjected the federal judiciary, at a premature stage into the CSRA's carefully developed system of administrative review.  In so doing, the district court asserted authority which it manifestly lacks, to order arbitration of these claims under the collective bargaining agreement.

*Id.*  The issues and facts of *Steadman* are strikingly similar to the case at bar.

Here, Plaintiff recognizes that relief is available to them under the FSLMRA by pursuing, more than once, a remedy with the FLRA, yet never exhausting this administrative remedy.  The Union filed an unfair labor practice charge ("Charge") (FLRA Case No. WA-CA-06-0390) with the FLRA on April 18, 2006.  (Ex. A.)[7]  This

---

[7] To the extent the Defendant has attached to this memorandum matters outside the pleadings, the Defendant has submitted these attachments, in support of his motion to dismiss under Rule 12(b)(1) and (6), merely to confirm what the silence of Plaintiff's Complaint

Charge alleged Defendant's actions were in violation of Title 5 when Defendant refused

"to meet and select arbitrators for the resolution of twenty grievances . . . ." (*Id.*)  This

Charge was **voluntarily** withdrawn by the Plaintiff on May 2, 2006, and the FLRA

closed the case on May 10, 2006.  (*Id.*)  By voluntarily withdrawing this Charge, Plaintiff

never allowed the FLRA to adjudicate this Charge on the merits and, therefore, failed to

exhaust this required administrative remedy.[8]

The Plaintiff again filed an unfair labor practice Charge (FLRA Case No. WA-

CA-06-0671) with the FLRA on September 14, 2006.  (Ex. D.)  This Charge alleged, *inter*

*alia*, that Defendant "has refused to meet with Union officials as part of [their]

obligation to select an arbitrator on numerous pending grievances that have been

advanced to arbitration" in violation of Section 7121 of Title 5.  (*Id.*)  Defendant

---

demonstrates - that Plaintiff has refused and utterly failed to exhaust administrative remedies
required by the FSLMRA.  Thus, this Court may consider materials outside the pleadings in
deciding Defendant's  Rule 12(b)(1) motion to dismiss without converting it into a motion for
summary judgment.  *See E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 625 n. 3
(D.C. Cir. 1997); *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986 ), vacated on other
grounds, 482 U.S. 64 (1987); *Federation for American Immigration Reform v. Reno*, 897 F. Supp. 595,
600 n.6 (D.D.C. 1995).

[8] Plaintiff raised similar complaints at the administrative level:  that Defendant refused
to cooperate resolving various members' grievances.  These complaints were addressed in
unfair labor practice charge (FLRA Case Nos. WA-CA-06-0339 & WA-CA-06-0341), filed with
the FLRA on March 23, 2006.  (Ex. B)  In that Charge, plaintiff sought a "cease and desist order,"
presumably to compel Defendant to comply with the CBA and participate in the grievance
process because of Defendant's alleged breach.  (*Id.*)  It is of note that Plaintiff never specifically
addressed Defendant's alleged failure to participate in *arbitration*, the actual subject matter of
this Complaint, and that arbitration may be invoked under the CBA only after completing the
required grievance process.  Subsequently, plaintiff voluntarily withdrew these charges (FLRA
Case No. WA-CA-06-0339 & WA-CA-06-0341), *inter alia*, on July 11, 2006, and the FLRA closed
these cases.  (Ex. C.)  Although not the actual subject matter of the instant Complaint, this
Charge is mentioned for the purpose of demonstrating Defendant's exhaustive search of its
administrative records.

responded to this Charge on September 26 and denied the allegations.  (Ex. E)  On

November 13, 2006, Robert Hunter, Regional Director (Washington Office) for the

FLRA, dismissed the Charge for the Union's "lack of cooperation" and "failure to

cooperate in the investigation".  (*Id*.)  The FLRA found this dismissal warranted in light

of the fact that the Plaintiff requested an extension in time, which was granted, to

amend their deficient Charge and to provide witnesses and documents supporting this

Charge, but failed to respond at all by the FLRA's deadline.  (*Id*.)  That dismissal

provided the Plaintiff an avenue for administrative appeal to the General Council of the

FLRA.  (*Id*.); *see also* 5 C.F.R. § 2423.11(c) (providing an avenue for the appeal of

dismissed charges to the General Council within 25 days of dismissal) and

2423.11(d)(allowing the appealing party to request an extension in time to appeal).  The

Plaintiff never appealed.[9]

On April 5, 2007, Plaintiff filed a Charge (FLRA Case No. WA-CA-07-0371) of an

unfair labor practice "concerning the removal of a federal employee" alleging that: "To

date the agency has refused to acknowledge the FOP's request or respond to select an

arbitrator."  (Ex. F)  On April 16, 2007, Robert Hunter, Regional Director, FLRA sent a

copy of this Charge to Defendant.  (Ex. G)  On May 11, 2007, Tresa Rice from the FLRA

General Counsel's Office accepted this Charge for investigation.  (Ex. H)  Defendant

responded twice (May 11 and July 30, 2007), indicating there was no such request and

---

[9]  Even if the Plaintiff had appealed the dismissal to the FLRA General Council or "Authority" and that appeal failed, the Plaintiff's Congressionally mandated avenue for appeal would have been with the Circuit Court of Appeals, not the District Court.  5 U.S.C. § 7123(a).

that the Plaintiff did not, in fact, contact Defendant as represented.  (Ex. I)  Subsequently on September 5, 2007, plaintiff **voluntarily** withdrew this Charge at the request of the Union's Chief Steward, Mike Walsh, and the case was closed by the FLRA.  (Ex. J)

Additionally, Wanda Tonic, Human Resources Specialist, Pentagon Force Protection Agency, is the custodian of all documents relating to Plaintiff's official correspondence with Defendant, including unfair labor practice Charges brought before the FLRA.  (Ex. K)  Ms. Tonic's attached sworn statement indicates that a search of her records yields no other Charges brought by Plaintiff before the FLRA claiming Defendant failed to participate in required arbitration for the complained of members, other than those explained above:  the voluntarily withdrawn Charges (FLRA Case No. WA-CA-06-0390 & WA-CA-07-0371) and the Charge that was dismissed but never appealed to the General Council (FLRA Case No. WA-CA-06-0671).  (*Id.*)

Although Plaintiff appears to have complained to the FLRA of the very same matters comprising the instant Complaint, Plaintiff has neither pursued that administrative remedy to a decision on the merits[10] nor appealed any Charge's dismissal to the General Council of the FLRA.  Therefore, Plaintiff failed to exhaust administrative remedies, and this claim must be dismissed.  Because the FSLMRA provides Plaintiff with both legal and equitable remedies to address its constituents' claims, APA review is not available here.  *Mittleman v. United States*, 997 F. Supp. at 13

---

[10]  FLRA Case No. WA-CA-06-0671 was dismissed for lack of cooperation, not for substantive reasons.

9

n.30.

II.    <u>Plaintiff's Claimed Violation of Constitutional Rights Under the APA Must Be Dismissed Because Plaintiff's Statutory Claims Rely on the Same Operative Facts and Because the FLRA Provides the Very Relief Plaintiff Seeks.</u>

In its First Cause of Action, Plaintiff appears to be alleging an undefined violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.[11] (Compl. ¶ 30.)  Yet Plaintiff bases this constitutional claim as "not in accordance with the 'APA' pursuant to 5 U.S.C. § 706(2)(B)."  Given the language of this paragraph, it would appear Plaintiff is actually claiming Defendant violated the APA, not the U.S. Constitution.  Even if this First Cause of Action does state a cognizable constitutional Due Process claim, this claim fails because, as above, Plaintiff failed to exhaust administrative remedies.

"[W]hen an alleged constitutional violation 'is intertwined with a statutory one, and Congress has provided machinery for the resolution of the later,' the plaintiff must exhaust its administrative remedies before the district court may hear its case." *Nat'l Treas. Empls. Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992); *Steadman*, 918 F.2d at 966; *Wallace v. Lynn*, 507 F.2d 1186, 1189–90 (D.C. Cir. 1974).  "In other words, when the statutory and constitutional claims are 'premised on the same facts' and 'the administrative process [is] fully capable of granting relief,' exhaustion is required."

_____

[11]  Defendant notes that while Plaintiff refers in its Complaint to verbiage invoking other constitutional provisions, those references are irrelevant to the instant matter.  Specifically, the "privileges or [sic] immunities" phrase referenced in the Compliant refers to either Article IV or to the Fourteenth Amendment to the U.S. Constitution - neither of which are relevant here as both restrict State action, not Federal.

*King*, 961 F.2d at 243; *see also Andrade*, 729 F.2d at 1493.

Here, Plaintiff's statutory and constitutional claims are premised on the same facts. Comparing the language of Paragraphs 30 and 32 of the Complaint yield virtually identical language: "The actions of defendant in refusing to meet with FOP to select an arbitrator from each respective FMCS list is contrary to plaintiff's and its member's constitutional rights. . . ." (*Compare* Compl. ¶ 30 *with* ¶ 32.) Additionally, Congress has expressly provided the machinery for the resolution of this matter: the FLRA has the equitable power to compel arbitration. § 7118(a)(7)(A); *see also AFGE*, 10 F.L.R.A. at 322 (ordering the agency to "cease and desist from unilaterally refusing or failing to proceed to arbitration regarding a grievance . . . .").

Since Plaintiff's constitutional and statutory claims are premised on the same facts and since Congress' administrative process provides not only an adequate equitable remedy but also precisely the relief Plaintiff seeks, exhaustion is required. *King*, 961 F.2d at 243.

———

A.    <u>No Exception to the Exhaustion Requirement Applies to This Complaint</u>.

Three equitable exceptions apply to the general exhaustion requirement: (1) that the time period an administrative process takes will prejudice future court action; (2) that doubt exists as to the agency's ability to fully remedy the alleged injury; and (3) that the administrative body is biased or has otherwise predetermined the issue before it. *McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992); *Avacados Plus Inc. v. Veneman*, 370

F.3d 1243, 1247 (D.C. Cir. 2004). However, as explained below, no exception to the general rule requiring exhaustion exists on these facts.

First, the FLRA routinely investigates charges filed against agencies within a reasonable time under Part 2423 of Title 5 of the Code of Federal Regulations, and Plaintiff has failed to allege to the contrary. (*See generally* Compl.) Plaintiff additionally failed to allege that the FLRA's delay would cause its members undue prejudice. (*See generally* Compl.) The nature of the personnel actions underlying Plaintiff's Complaint (disciplinary suspension, performance appraisal, *etc.*) will, although important, not be prejudiced if this Court declines to grant the extraordinary remedy of equitable relief. (Compl. ¶ 24.); *compare with King*, 961 F.2d at 245 (directing the district court to retain jurisdiction but also to abstain from ruling on the merits for three months pending FLRA determination of the union's First Amendment claim even though the union's speech rights were time-sensitive). [12]

Second, as argued above, Congress empowered the FLRA with the equitable power to compel arbitration—which is precisely what Plaintiff seeks. § 7118(a)(7)(A); *see also AFGE*, 10 F.L.R.A. at 322 (ordering the agency to "cease and desist from

---

[12] In this connection, Defendant notes that some of the arbitration cases about which Plaintiff complains are from "2004 and 2005". (Compl. Ex. C.) Without addressing the merits of Plaintiff's contentions, Defendant states that any claim that the time period an administrative process takes will prejudice future court action is severely undercut given Plaintiff's demonstrated delay in pursuing their administrative claim and their "failure to cooperate" with the FLRA. (Ex. K.) Because seeking relief before the FLRA will not prejudice Plaintiff's future judicial rights and because Plaintiff seeks equitable relief from this Court with 'unclean hands', this exception to the exhaustion requirement is inapplicable to these facts. *See Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244–45 (1933).

unilaterally refusing or failing to proceed to arbitration regarding a grievance . . . ."). Therefore, this exception to the general exhaustion requirement is inapplicable here.

Finally, Plaintiff has not alleged the FLRA is biased. (*See generally* Compl.) Additionally, since the FLRA has previously compelled arbitration where either an agency or a union failed to participate, Plaintiff cannot argue that the FLRA is predisposed not to require a party to arbitrate when warranted. *AFGE*, 10 F.L.R.A. at 322.

Since Plaintiff cannot establish entitlement to an exception under the general exhaustion requirement for its "constitutional" claims, Plaintiff must first seek remedy from the FLRA before pursuing judicial relief before this Court or the Court of Appeals. Accordingly, this Complaint must be dismissed.

III.    Plaintiff's Claimed Violation of Equal Protection Constitutional Rights Under the
        APA Must Be Dismissed Because No Such Claim Arises on These Facts.

Plaintiff's Complaint asserts an undefined violation of "Equal Protection." Defendant is unsure what authority, if any, Plaintiff relies on to support this claim under the facts of this matter. Equal Protection generally renders unconstitutional laws or acts which impermissibly favor one group over another. *See, e.g. City of Chicago Police Dep't v. Mosley*, 408 U.S. 92 (1972). This Complaint alleges a refusal to arbitrate, not legislative or government action which impermissibly discriminates against one group of citizens and does not allege the specific protected status claimed.

Since the allegations in this Complaint do not give rise to an actionable claim

under Equal Protection, this claim must be dismissed.[13]

IV.    Plaintiff's Claim of Arbitrary and Capricious Action Under the APA Must Be
       Dismissed Because Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff also claims relief under 5 U.S.C. § 706(2)(A).  Plaintiff's Fourth Cause of

Action is statutory in nature and should be dismissed for the same reasons explained in

Section II of this Motion:  that Plaintiff has failed to exhaust administrative remedies.

V.     Plaintiff's Claim of Excess of Statutory Authority Under the APA Must Be
       Dismissed Because Plaintiff Failed to Exhaust Administrative Remedies.

Plaintiff claims relief under 5 U.S.C. § 706(2)(C).  As this claim appears to be

identical to Plaintiff's Second Cause of Action (Compl. ¶ 32.),  Plaintiff's Fifth Cause of

Action should be dismissed for the same reasons explained in Section II of this motion:

that the Plaintiff has failed to exhaust its administrative remedies.

---

[13]A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to
state a claim upon which relief can be granted if it does not plead "enough facts
to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,
___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual
allegations in the complaint "must be enough to raise a right to relief above the speculative
level." *Id.* at 1965.  While "many well-pleaded complaints are conclusory, the court need
not accept as true inferences unsupported by facts set out in the complaint or legal
conclusions cast as factual allegations." *Shirk v. Garrow*, 505 F.Supp.2d 169, 172 (D.D.C. 2007)

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that his Motion to Dismiss the Complaint should be granted.


Respectfully Submitted,

_____

 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____

RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE,<br>D.C. LODGE 1, DEFENSE PROTECTIVE<br>SERVICES LABOR COMMITTEE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. GATES, Secretary of the<br>Department of Defense<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 07-1624 (RMC) |

ORDER

Upon consideration of Defendant's Motion to Dismiss, of Plaintiff's responding opposition, and of the entire record, and it appearing to the Court that the granting of Defendant's motion, pursuant to FED. R. CIV . P. 12(b)(6), would be just and proper, it is by the Court this ___ day of _____, 200__,

ORDERED that Defendant's Motion to Dismiss be, and it is, granted, and it is further

ORDERED that this case be, and it is, dismissed.

_____
UNITED STATES DISTRICT JUDGE

2

Form Exempt Under 44 U.S.C. 3512

| UNITED STATES OF AMERICA<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br>**CHARGE AGAINST AN AGENCY** | FOR FLRA USE ONLY |
|---|---|
| | Case No. **WA-CA-06-0390** |
| | Date Filed **4/18/2006** |

Complete instructions are on the back of this form.

| 1. Charged Activity or Agency | 2. Charging Party (Labor Organization or Individual) |
|---|---|
| Name: Pentagon Force Protection Agency | Name: Fraternal Order of Police |
| Address: 9000 Pentagon The Defense Washington DC 20301 | Address: PO Box 16227 Arlington VA 22215 |
| Tel.#: (703) 693-3685    Ext. | Tel.#: 703-614-8435    Ext. |
| Fax#: (703) 693-2385 | Fax#: 703-697-5000 |
| **3. Charged Activity or Agency Contact Information** | **4. Charging Party Contact Information** |
| Name: Mike Flynn | Name: Mike Walsh |
| Title: Man Power&Personnel Director | Title: Chief Shop Steward |
| Address: 9000 Pentagon The Defense Rm 23139 Washington DC | Address: PO Box 6640 Woodbridge, Virginia 22195 |
| Tel.#: (703) 693-6060    Ext. | Tel.#: (703) 675-5345    Ext. |
| Fax#: (703) 697-5000 | Fax#: (703) 697-5000 |

5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse] (1) and ___ (a), (5), and (8)

6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.

See attached statement

7. Have you or anyone else raised this matter in any other procedure? ___ No ✓ Yes    If yes, where? [see reverse] (A) and (G)

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box] ✓ Fax ☐ 1st Class Mail ☐ In Person
☐ Commercial Delivery   ☐ Certified Mail

| Michael Walsh | *[signature]* | 04/18/2006 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

FLRA Form 22 (Rev. 1/99)

EXHIBIT
A

## BASIS OF THE CHARGE

On January 15, 2006, the Union provided the Agency through its representative Michael Flynn, its counter-proposals for ground rules for contract negotiations. Since that time despite repeated requests by the Union for a response from the Agency, Mr. Flynn has refused to provide the Union with any response to their counter-proposals and has further refused to meet with the union.

In the same vein, Agency representative Michael Flynn has refused to meet with union officials as part of his obligation to select an arbitrator on numerous pending grievances that have been advanced to arbitration.  Mr. Flynn's actions have completely stalled the grievance / arbitration process.  The grievances are both disciplinary and contractual denying the union and the bargaining unit due process of law and of their rights under Section 7121 the Statute.

Mr. Flynn's actions in refusing to meet and negotiate with the union as to the ground rules constitutes bad-faith bargaining in violation of Section 7116(a)(1) and (5) or the Statute.

Mr. Flynn's action in refusing to meet and select arbitrators for the resolution of twenty grievances violates Section 7116 (a)(1), (5) and (8) of the Statute.

As a remedy, the Union seeks a cease and desist order; the posting of an appropriate notice to employees and a bargaining order.

p. 2



**UNITED STATES OF AMERICA**
**FEDERAL LABOR RELATIONS AUTHORITY**

## CHARGE AGAINST AN AGENCY

Complete instructions are on the back of this form.

Form Exempt Under 44 U.S.C. 3512

**FOR FLRA USE ONLY**

Case No. WA-CA-06-0339

Date Filed 3/23/06

**1. Charged Activity or Agency**

Name: Pentagon Force Protection Agency
Address: 9000 Pentagon The Defense Washington DC 20301

Tel.#: (703)693-3685    Ext.
Fax#: (703)693-2365

**3. Charged Activity or Agency Contact Information**

Name: Mike Flynn
Title: Man Power&Personnel Director
Address: 9000 Pentagon The Defense Rm 23139 Washington DC

Tel.#: (703)693-6060    Ext.
Fax#: (703)697-5000

**2. Charging Party (Labor Organization or Individual)**

Name: Fraternal Order of Police
Address: PO Box 16227 Arlington VA 22215

Tel.#: 703-614-8435    Ext.
Fax#: 703-697-5000

**4. Charging Party Contact Information**

Name: Mike Walsh
Title: Chief Shop Steward
Address: PO Box 6840 Woodbridge, Virginia 22195

Tel.#: (703) 675-5345    Ext.
Fax#: (703) 697-5000

**5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse]** (1) and ___ (a), (5), and (8)

**6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.**

See attached statement

**7. Have you or anyone else raised this matter in any other procedure?** ___ No ✔ Yes    If yes, where? [see reverse] (A) and (G)

**8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY (check "x" box)**

☐ Commercial Delivery    ☐ Certified Mail    ☑ Fax    ☐ 1st Class Mail    ☐ In Person

Michael Walsh
Type or Print Your Name

*[signature]*
Your Signature

03/22/2006
Date

FLRA Form 22 (Rev. 1/99)

A Attachment
page 1 of

**EXHIBIT**
B

## BASIS OF THE CHARGE

The Agency has repudiated the contractual grievance procedure of the parties' collective bargaining agreement. The Fraternal Order of Police and the Pentagon Force Protection Agency, the successor of the Defense Protective Service, are parties to a collective bargaining agreement. In accordance with Section 7121 of the Statute, the agreement provides for a grievance and arbitration procedure for the resolution of disputes.

In recent months, the agency has begun systematically repudiating the collective bargaining agreement as it applies to the negotiated grievance procedure. Such repudiation has substantially increased the number of unresolved disputes and has affected the procedural due process rights of grievants. Among other actions, the agency has:

- Unilaterally denied union requests for an extension of time in filing a grievance so that the union can properly investigate a grievance. Indeed, as recently as February 28, 2006, the agency notified the union's chief steward that "Ms (Wanda) Tonic" informed police supervisors that extensions (of time to the union) are not authorized.

- Refused to respond to grievances filed and failed to automatically advance grievances as required by the collective bargaining agreement;

- Refuses to meet with the Union on grievances in an attempt to resolve or adjust a grievance despite the fact that the union has requested a meeting as provided for in the collective bargaining agreement;

These factors have contributed to a large number of unresolved grievances, resulted in the denial of due process to employees challenging disciplinary actions or adverse medical determinations, rendered the grievance procedure ineffectual and violated both the spirit and intent of section 7121 of the Statute. By its actions, the agency has violated section 7116(a)(1), (5) and (8) of the Statute.

As a remedy, the union seeks a cease and desist order, the posting of an appropriate Notice to Employees and any other appropriate remedy the Authority deems necessary and just.

Attachment 3
Page 2 of 2



UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
Chicago Regional Office
55 West Monroe, Suite 1150 ● Chicago, Illinois 60603-9729
(312) 886-3465 FAX: (312) 886-5977

July 11, 2006

Michael Walsh, Chief Steward
FOP, DC 1
P.O. Box 16227
Arlington, VA 22215

Re: Case Nos. WA-CA-06-0336, 339, 340 & 341

Dear Mr. Walsh:

Your request to withdraw the above-referenced unfair labor practice charges has been approved and these cases are closed.

Sincerely,

Peter A. Sutton
Regional Director

cc:    U.S. Department of Defense
Office of the Secretary Defense
Washington Headquarters Service
ATTN: WHS-OGC (Ms. Schall & Mr. Weiss)
Pentagon Room 1D197
Washington, DC 20301-1155

**EXHIBIT**

C

Sep 24 06 10:02a                                                                    P.1

Form Exempt Under 44 U.S.C. 3512

| UNITED STATES OF AMERICA<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br><br>**CHARGE AGAINST AN AGENCY** | **FOR FLRA USE ONLY** |
|---|---|
| | Case No. WA-CA-06-0671 |
| | Date Filed 09-14-2006 |

Complete instructions are on the back of this form.

| **1. Charged Activity or Agency** | **2. Charging Party (Labor Organization or Individual)** |
|---|---|
| Name:  Pentagon Force Protection Agency | Name:  Fraternal Order of Police PPDLC |
| Address:  9000 Pentagon The Defense Washington DC 20301 | Address:  PO Box 16227 Arlington VA 22215 |
| Tel.#:  (703)693-3685    Ext. | Tel.#:  703-814-8435    Ext. |
| Fax#:  (703) 693-2385 | Fax#:  (703-897-5000 |
| **3. Charged Activity or Agency Contact Information** | **4. Charging Party Contact Information** |
| Name:  Steve Calvery | Name:  Mike Walsh |
| Title:  Director of Pentagon Force Protecti | Title:  Chief Shop Steward |
| Address:  9000 Pentagon The Defense Rm 23139 Washington DC | Address:  PO Box 16227 Arlington, Virginia 22195 |
| Tel.#:  (703) 693-3685    Ext. | Tel.#:  (703) 875-5345    Ext. |
| Fax#:  (703) 897-5000 | Fax#:  (703) 897-5000 |

**5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse] (1) and** (a), (5), and (c.8)

**6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.**

On January 15, 2006, the Union provided the Agency, through its representative Michael Flynn, its counter-proposals for ground rules for contract negotiations. Since that time despite repeated requests by the Union for a response from the Agency, Mr flynn , has refused to provide the Union with any response to thier counter-proposals and has further refused to meet with the Union.

In the same vein, Mike Flynn has refused to meet with Union officials as part of his obligation to select an arbitrator on numerous pending grievances that have been advanced to arbitration. Mr Flynn's action have completely stalled the grievance/arbitration process. The grievances are both disciplinary and contractual denying the union and the bargaining unit due process of law and of thier rights under Section 7121 the Statute.

Mr Flynn's action in refusing to meet and negotiate with the union as to the ground rules constitute bad-faith bargaining in violation of Section 7116(a)(1) and (5) of the Status

Mr Flynn's action in refusing to meet and select arbitrators for the resolution of twenty grievances violates Section 7116(a)(1), (5), and (8) of the status

As a remedy, the Union seeks a cease and desist order, the posing of an appropriate notice to employees and a bargaining order

**7. Have you or anyone else raised this matter in any other procedure?**  X No ___ Yes   If yes, where? [see reverse]

**8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT. 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY (check "x" box)** ☑ Fax  ☐ 1st Class Mail  ☐ In Person
☐ Commercial Delivery  ☐ Certified Mail

*Michael Walsh*        MICHAEL WALSH           8/12/06

FLRA Form 22 (Rev. 1/99)

Attachment
page 1 o

EXHIBIT
D




**DEPARTMENT OF DEFENSE**
**WASHINGTON HEADQUARTERS SERVICES**
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155

September 26, 2006

(WHS-OGC)

Thomas Bianco, Regional Attorney
Federal Labor Relations Authority
Washington Regional Office
1400 K Street, NW, 2ⁿᵈ Floor
Washington, D.C. 20424-0001

Tel. (202) 357-6029, ext. 6022; Fax (202) 482-6724; email: tbianco@flra.gov

*This Letter was Sent by Email and Regular Mail*

SUBJECT: *Pentagon Force Protection Agency and*
*Fraternal Order of Police, DPS Labor Committee*
*Washington, DC*
*Case No. WA-CA-06-0671*

Dear Mr. Bianco:

I represent Respondent Department of Defense (DoD), Pentagon Force Protection Agency (PFPA) (agency) in the subject case. My office received the September 15, 2006 letter from Regional Director Robert Hunter, same subject, on September 26, 2006.[1] (Copy of September 15, 2006 letter attached at Attachment A).

I have enclosed a completed "Notice of Designation of Representative" form at Attachment B.

On August 12, 2006, the union filed the subject Unfair Labor Practice (ULP). Attachment C.

The Regional Director's September 15, 2006 letter stated that the Charging Party, the Fraternal Order of Police (FOP), was to submit certain documents to you by September 25, 2006. To date, the agency has not received a copy of any additional submissions from the FOP (union).

---

[1] Due to Anthrax Screening at the Pentagon, all documents sent to the agency by regular mail at the Pentagon will first be diverted to Ohio for screening before they are forwarded on to the final destination at the Pentagon. This screening process may result in long delays between when documents are mailed to the agency and when the agency actually receives them.





EXHIBIT
E

This is the third Unfair Labor Practice (ULP) charge the union has filed against the agency in the past two years regarding the ground rules. *See also* Attachment E and Attachment 4.

The following is a chronology of events regarding the ground rules:

1. By letter dated August 30, 2004, the union informed the agency that it requested to renegotiate the current collective bargaining agreement. Attachment 2.

2. On September 21, 2004, the agency acknowledged the union's request to renegotiate and requested that the union notify the agency of any ground rules it proposed for renegotiation. Attachment 3.

3. Sometime around March of 2005, the union submitted proposed ground rules.[2] *See* Attachment 4 at page 3.

4. On April 12, 2005, the union filed a ULP, claiming that the agency failed to renegotiate the current collective bargaining agreement. Attachment 4 at pages 1 - 3.

5. On May 26, 2005, the agency responded to the union's ULP. Attachment 4 at pages 4 - 6.

6. On July 28, 2005, the union withdrew its ULP. Attachment 4 at page 7.

7. On September 13, 2005, the agency sent the union counter proposals for the ground rules. Attachment 5.

8. By memorandum dated December 1, 2005, the union submitted its counter to the agency's counter proposals for the ground rules. Attachment 6.

9. On December 20, 2005, before the agency could respond to the union's counter counter proposal to the ground rules, the union unilaterally and without the agency's knowledge, filed a request with the Federal Service Impasses Panel on the ground rules. Attachment 7.

10. To date, the agency has not heard from the Federal Service Impasses Panel.

---

[2]In its current ULP, the union states that it provided the counter counter proposals to the ground rules to the agency on January 15, 2006. Attachment 1 at page 5. That date does not appear to be correct since the union filed a request with the Federal Service Impasses Panel on December 20, 2005.

11. On March 23, 2006, the union filed a second ULP, claiming that the agency failed to renegotiate the current collective bargaining agreement. Attachment 1 at pages 4-5.[3]

12. On April 14, 2006, the agency responded to the union's March 23, 2006 ULP. Attachment E.

13. On July 11, 2006, the union withdrew its second ULP. Attachment D.

14. On August 12, 2006, the union filed the instant third ULP, which is identical to the second ULP. Attachment C.

For these reasons, the agency has not refused to meet or negotiate with the union over this matter. The agency is simply awaiting contact from the Federal Service Impasses Panel to continue negotiating the ground rules. The union, not the agency, decided to cease negotiations in December of 2005 in favor of mediation with the Federal Service Impasses Panel. The agency has continually negotiated and attempted to negotiate in good faith over the ground rules until the union abruptly and without the agency's knowledge filed a request for mediation with Federal Service Impasses Panel.

Additionally, the agency is unaware of any occasion when Michael Flynn refused to meet with the union when the union properly and appropriately requested such meeting. Once the union provides specific information about precisely what meetings it is referencing in its ULP, the agency reserves the right to respond to each allegation of Michael Flynn allegedly improperly refusing to meet with the union.

For additional information regarding this matter, you may contact Michael Flynn at (703) 692-6060 or Wanda Tonic at (703) 693-7593, ext. 145.

---

[3] The wording of the union' March 23, 2006 ULP charge (Case No. WA-CA-06-0341) is completely identical to the wording of the instant ULP charge dated August 12, 2006. *See* Attachment 1, pages 4-5 and Attachment C.

If you have any questions, please contact me at (703) 693-7374, email address schall@osdgc.osd.mil, fax number (703) 697-1068 or at the following address:

U.S. Department of Defense
Office of the Secretary of Defense
Washington Headquarters Services
ATTN: WHS-OGC (Ms. Schall)
Pentagon Room 1D197
Washington, D.C. 20301-1155.

Sincerely,

Jenifer J. Schall
Assistant General Counsel
Agency Representative

Attachments A, B, C, D, E and 1 - 7

4

Form Exempt Under 44 U.S.C. 3512

**UNITED STATES OF AMERICA**
**FEDERAL LABOR RELATIONS AUTHORITY**

**CHARGE AGAINST AN AGENCY**

Complete instructions are on the back of this form.

| FOR FLRA USE ONLY |
| --- |
| Case No. WA-CA-07-0371 |
| Date Filed 04-05-2007 |

**1. Charged Activity or Agency**
Name: Pentagon Force Protection Agency
Address: 9000 Defense Pentagon, Washington DC 20301-9000

Tel.#: (703) 697-4151   Ext.
Fax#: (703) 643-5000

**2. Charging Party (Labor Organization or Individual)**
Name: Frat. Order of Police, DC Lodge 1, DPS Lei
Address: P.O. 15227 Arlington VA 22215

Tel.#: 703-814-8435   Ext.
Fax#: (703) 697-5000

**3. Charged Activity or Agency Contact Information**
Name: Stev Calvary
Title: Director, PFPA
Address: 9000 Defense Pentagon, Wash. DC 20301-9000

Tel.#: (703) 697-4151   Ext.
Fax#: (703) 697-5000

**4. Charging Party Contact Information**
Name: Michael Walsh
Title: Chief Steward
Address: PO Box 15227, Arlington, VA 22215

Tel.#: (703) 875-5345   Ext.
Fax#: (703) 697-5000

**5. Which subsection(s) of 5 U.S.C. 7116(a) do you believe have been violated? [See reverse]** (1) and (5) & (8)

**6. Tell exactly WHAT the activity (or agency) did. Start with the DATE and LOCATION, state WHO was involved, including titles.**

The Fraternal Order of Police, DC Lodge 1, DPS Labor Committee is the exclusive representative for a group of police officers at the Pentagon. The FOP and the agency are also parties to a collective bargaining agreement. The collective bargaining agreement has a grievance procedure and a procedure for invoking arbitration and selecting an arbitrator.

On March 8, 2007, the FOP received an arbitration list concerning the removal of a federal employee. The FOP contacted Renee Coates, Director of Human Resources in an attempt to select an arbitrator in accordance with the parties' agreement. Ms. Coates failed to respond to the FOP's request. On March 23, 2007, the FOP again attempted to contact Renee Coates in order to select an arbitrator for the employee who had been removed from his position. To date the agency has refused to acknowledge the FOP's request or respond to the request to select an arbitrator.

By its actions, the agency has violated Section 7116(a)(1), (5) and (8) of the Statute.

As a remedy, the FOP seeks a cease and desist order; an order directing that the agency meet with the FOP and select an arbitrator concerning the employee's removal; and the posting of an appropriate Notice to Employees.

**7. Have you or anyone else raised this matter in any other procedure?** ✓ No ___ Yes   If yes, where? [see reverse] _____

**8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001 THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY (check 'X' box)** ☐ Commercial Delivery  ☐ Certified Mail  ☑ Fax  ☐ 1st Class Mail  ☐ In Person

Stephen G DeNigris, Esq.
Type or Print Your Name

Your Signature

04/04/2007
Date

**EXHIBIT**
F



UNITE STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
WASHINGTON REGION
1400 K Street, NW, 2nd Floor
Washington, D.C. 20424-0001
(202) 357-8029 FAX: (202) 482-6724

April 16, 2007

Steven Weiss, Agency Representative
DOD, Washington Headquarters Services
Office of the General Counsel
1155 Defense Pentagon (Room 1D197)
Washington, DC 20301-1155

Michael Walsh, Representative
Fraternal Order Police, DPS Labor Committee
P.O. Box 16227
Arlington, VA 22215

> Re:   DOD, Pentagon Force Protection Agency
> And Fraternal Order Police, DC Lodge 1, DPS Labor Committee
> Washington, DC
> Case No. WA-CA-07-0371

Dear Gentlemen:

Enclosed is a copy of the unfair labor practice charge which has been filed with this Office and assigned the case number shown above. To complete the investigation expeditiously, and to make a determination as to the merits of the charge, it is important that the parties cooperate fully during the ensuing investigation of the charge. You will be contacted shortly by the Agent who has been (will be) assigned to investigate the charge. If you have any questions, please contact directly either the Agent or Regional Point of Contact indicated below.

If you are the party who filed the charge (Charging Party) and have not already done so, please submit the following so that it is **received** by this Office by **April 26, 2007**:

1.   A list of witnesses – names, positions, day and evening telephone numbers, and a summary of their expected testimony about their personal knowledge of the charge

2.   Copies of all relevant documents, with an Index if submission is voluminous

Section 2423.4(e) of the FLRA's Regulations requires that you provide this evidence/ information. If you did not submit any evidence or information when you filed the charge and do not provide the material noted above so that this Office has **received** it by **April 26, 2007**, the

**EXHIBIT**

G

charge may be dismissed for lack of cooperation. The Charging Party is responsible for confirming that all supporting evidence and information has been received by the date noted above.

If you are the party against whom this charge is filed (Charged Party), you are requested to review the allegations in the charge and submit a written position to this Office. You also are expected to cooperate fully in the investigation and will be asked by the Agent to supply documentary evidence or witnesses as is deemed necessary.

To assist both parties in understanding how an unfair labor practice charge is processed, I have enclosed an information sheet describing the investigatory process. Also, if someone other than you will be representing your party in this matter, please complete the enclosed "Notice of Designation of Representative."

Sincerely,

Robert P. Hunter
Regional Director

Assigned Agent or Regional Point of Contact:
Name: Tresa Rice, Field Attorney
Phone: (202) 357-6029, Ext. 6017
E-mail: trice@flra.gov

Enclosed: Description of Unfair Labor Practice Investigation Procedure
Notice of Designation of Representative



UNITED STATES OF AMERICA
## FEDERAL LABOR RELATIONS AUTHORITY
WASHINGTON REGIONAL OFFICE
1400 K Street, NW, Second Floor
Washington, DC 20424
(202) 357-6029 FAX: (202) 482-6724

May 11, 2007

<u>TRANSMITTED VIA MAIL</u>

Steven Weiss, Agency Representative
DOD, Washington Headquarter Services
Office of the General Counsel
1155 Defense Pentagon (Room1D197)
Washington, DC 20301-1155

RE:   Pentagon Force Protection Agency
      Case Nos. WA-CA-07-0371

Dear Mr. Weiss:

I have begun my investigation into the ULP charge captioned above, which this office docketed on April 5, 2007. In the charge, the Fraternal Order of Police alleges the Pentagon Force Protection Agency violated the parties' procedure for invoking arbitration and selecting an arbitrator, in violation of 7116(a)(1), (5), and (8) of the Federal Service Labor-Management Relations Statute (Statute).

Please be advised that I will be completing the investigation of this charge in approximately June and will be forwarding the case to the Regional Director at that time. If the Agency plans on responding to the allegation in the charge, I would like to receive a copy of its response by mail or FAX at (202) 482-6724 no later than the close of business on **Friday, June 15, 2007.**

If you have any questions, I can be reached Monday thru Friday, 7:00 a.m. to 4:30 p.m. at (202) 357-6029, ext. 6017, email (trice@flra.gov).

Thank you for your time and attention to this matter.

Sincerely,

Tresa Rice
Attorney

EXHIBIT

H



**DEPARTMENT OF DEFENSE**
**WASHINGTON HEADQUARTERS SERVICES**
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155



OFFICE OF GENERAL COUNSEL

July 30, 2007

**VIA Facsimile (202) 482-6724**
Tresa Rice, Esq.
Federal Labor Relations Authority
Washington Regional Office
1400 K Street, Second Floor
Washington, 20424-0001

Re:    **Case Number WA-CA-07-0371**

Dear Ms. Rice·

    I represent the Pentagon Force Protection Agency, Department of Defense ("Agency"), in the above stated case. The Fraternal Order of Police ("Union") alleges that the Agency has refused to meet to select an arbitrator. The Agency responded on May 11, 2007. *See* Attachment 1. The Agency hereby provides its second response.

**Statement of Facts**

1.  The Agency did not receive an arbitration list on March 8, 2007. Therefore, it is unclear what the "arbitration list concerning the removal of a federal employee" is that the Union is referring to in its charge.

2.  The Agency has no record that the Union attempted to contact Ms. Renee Coates on March 8 or March 23, 2007, regarding this matter. Ms. Coates attests to this in her sworn statement previously provided by the Agency. *See* Attachment 1.

3.  The Agency has no record that the Union attempted to contact Ms. Renee Coates on March 22 or March 29, 2007. Ms. Coates attests to this in her sworn statement. *See* Attachment 2.

**Argument**

    The Agency denies violating Section 7116(a) (1), (5) and (8) of the Statute. The Union has not demonstrated that it attempted to contact Ms. Coates in order to select an arbitrator. The Agency respectfully requests that this charge be dismissed.



**EXHIBIT**
*tabbies*    I

Respectfully submitted,

Attachments: as stated

Steven J. Weiss
Agency Representative



**DEPARTMENT OF DEFENSE**
**WASHINGTON HEADQUARTERS SERVICES**
1155 DEFENSE PENTAGON
WASHINGTON, DC 20301-1155



OFFICE OF GENERAL COUNSEL

May 11, 2007

Tresa Rice, Esq.
Federal Labor Relations Authority
Washington Regional Office
1400 K Street, Second Floor
Washington, 20424-0001

Re:    Case Number WA-CA-07-0371

Dear Ms. Rice:

I represent the Pentagon Force Protection Agency, Department of Defense ("Agency"), in the above stated case. The Fraternal Order of Police ("Union") alleges that the Agency has refused to meet to select an arbitrator. The Agency hereby provides its response.

**Statement of Facts**

1. The Agency did not receive an arbitration list on March 8, 2007. Therefore, it is unclear what the "arbitration list concerning the removal of a federal employee" is that the Union is referring to in its charge.

2. The Agency has no record that the Union attempted to contact Ms. Renee Coates on March 8 or March 23, 2007, regarding this matter. Ms. Coates attests to this in her sworn statement. *See* Attachment.

**Argument**

The Agency denies violating Section 7116(a) (1), (5) and (8) of the Statute. The Union has not demonstrated that it attempted to contact Ms. Coates in order to select an arbitrator. The Agency respectfully requests that this charge be dismissed.

Respectfully submitted,

Attachment: as stated

Steven J. Weiss
Agency Representative







UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**
**WASHINGTON REGIONAL OFFICE**
1400 K Street, N.W., Second Floor
Washington, D.C. 20424-0001
(202) 357-6029  FAX: (202) 482-6724

September 5, 2007

Michael Walsh, Steward
Fraternal Order of Police, DC Lodge 1
P.O. Box 16227
Arlington, VA 22215

RE:     Pentagon Force Protection Agency
Case No.  WA-CA-07-0371

Dear Mr. Walsh:

This confirms your telephone message of September 4, 2007, to Attorney Tresa A. Rice, in which you requested to withdraw the unfair labor practice charge filed in the case identified above.

Your request has been approved, and the case is closed.

Sincerely,

Robert P. Hunter
Regional Director

cc:      Steven Weiss, Agency Representative
DOD, Washington Headquarters Services
Office of the General Counsel
1155 Defense Pentagon (Room 1D197)
Washington, DC 20301-1155

**EXHIBIT**
J





**DEPARTMENT OF DEFENSE**
**PENTAGON FORCE PROTECTION AGENCY**
9000 DEFENSE PENTAGON
WASHINGTON, DC 20301-9000

## Declaration of Wanda Tonic

Wanda Tonic, states as follows:

1. I am Wanda Tonic, Management Analyst, Personnel, Manpower & Safety Division, Program Integration Directorate, Pentagon Force Protection Agency (PFPA), Department of Defense.

2. I am the custodian of the records of all administrative actions by Fraternal Order of Police, DC Lodge 1 (FOP) brought against PFPA.

3. I performed a diligent and thorough search of those records.

4. My search yielded evidence that the FOP, brought an unfair labor practice Charge on April 5, 2007 before the Federal Labor Relations Authority (FLRA) concerning PFPA's alleged failure to participate in an arbitration as mandated by our (PFPA and FOP's) collective bargaining agreement (CBA) of an unnamed member (FLRA Case No. WA-CA-07-0371).

5. My search further resulted in a document indicating FOP voluntarily withdrew this Charge (No. WA-CA-07-0371), and the FLRA closed this case on September 5, 2007.

6. My search yielded evidence that FOP brought an unfair labor practice Charge on September 14, 2006 before the FLRA concerning PFPA's alleged failure to participate in the arbitration process as mandated by our CBA (FLRA Case No. WA-CA-06-0671).

7. PFPA responded to this Charge (No. WA-CA-06-0671) on September 26, 2006.

8. My search further resulted in a document indicating the FLRA dismissed this Charge (No. WA-CA-06-0671) on November 13, 2006 for FOP's failure to cooperate after granting FOP a time extension.

9. My search indicates that FOP never appealed the dismissal of Case No. WA-CA-06-0671.

10. My search yielded evidence that FOP brought an unfair labor practice Charge on April 18, 2006 before the FLRA concerning PFPA's alleged failure to participate in the arbitration process as mandated by our CBA (FLRA Case No. WA-CA-06-0390).

11. My search further resulted in a document indicating FOP voluntarily withdrew this Charge (No. WA-CA-06-0390), and the FLRA closed this case on May 10, 2006.

12. My search yielded evidence that FOP, brought unfair labor practice Charges on March 23, 2006 before the FLRA concerning PFPA's alleged failure to participate in the grievance process as mandated by our CBA (FLRA Case Nos. WA-CA-06-0339 & WA-CA-06-0341).

13. My search further resulted in a document indicating FOP voluntarily withdrew these Charges (Nos. WA-CA-06-0339 & WA-CA-06-0341), and the FLRA closed this case on July 11, 2006.





**EXHIBIT**

_K_

14. My search resulted in no other evidence that the FOP brought before the FLRA their claim now pending before the United States District Court for the District of Columbia (Civil Action No. 07-1624) alleging that PFPA refused to participate in various arbitrations.

END OF STATEMENT

This declaration contains two (2) pages.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

_Wanda Tonic_

WANDA TONIC
Affiant

_11/14/07_

DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE, ) | |
| D.C. LODGE 1, DEFENSE PROTECTIVE ) | |
| SERVICES LABOR COMMITTEE, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 07-1624 (RMC) |
| ) | |
| ) | |
| ROBERT M. GATES, Secretary of the ) | |
| Department of Defense ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER

Upon consideration of Defendant's Motion to Dismiss, of Plaintiff's responding opposition, and of the entire record, and it appearing to the Court that the granting of Defendant's motion, pursuant to FED. R. CIV . P. 12(b)(6), would be just and proper, it is by the Court this ___ day of _____, 200__,

ORDERED that Defendant's Motion to Dismiss be, and it is, granted, and it is further

ORDERED that this case be, and it is, dismissed.

_____
UNITED STATES DISTRICT JUDGE