UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE, <br> D.C. LODGE 1, DEFENSE PROTECTIVE <br> SERVICES LABOR COMMITTEE, INC. <br><br> Plaintiff, <br><br> v. <br><br> ROBERT M. GATES, Secretary of the <br> Department of Defense <br><br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil No. 07-1624 (RMC) |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COMPLAINT

Defendant replies to address contentions raised by Plaintiff .  As no issue raised by Plaintiff allows its Complaint to survive the test of legal sufficiency, dismissal of this Complaint is warranted under FED. R. CIV. P. 12(b)(6).

## ARGUMENT

1. <u>Defendant's Motion to Dismiss Should Be Granted Since the Authorities Relied upon by Plaintiff Are Wholly Inconsistent with the Relief Sought Because Plaintiff Claims It Can Bypass the Very Same Administrative Process Its Complaint Seeks to Compel</u>.

In its Complaint, Plaintiff seeks the extraordinary equitable remedy of compelling Defendant to arbitrate members' grievances in which, according to Plaintiff, Defendant has improperly refused to participate.  (Compl.)  Assuming *arguendo* Plaintiff prevails in this case, this Court would presumably compel Defendant to arbitrate

Plaintiff's members' grievances. What Plaintiff's Complaint does not seek is for this Court to issue a decision on the merits of Plaintiff's members' grievances (i.e. to litigate their grievances). (Compl.) Defendant's position, however, is that Plaintiff must take its failure to arbitrate claim to the Federal Labor Relations Authority for final agency action before raising the issue with the Federal courts (i.e. the Plaintiff must exhaust ).

Plaintiff now appears to be changing its position. In its Response ("Response") to Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Motion"), Plaintiff cites the 1994 amendment which purportedly allows the Plaintiff to bypass the administrative grievance process entirely and file suit directly in Federal Courts, thereby obviating the traditional requirement to exhaust administrative remedies. (*See generally* Response.) If this interpretation of the amendment is valid, then this suit, as originally brought, is moot. This Court, under the interpretation offered by the Plaintiff, need not compel Defendant to go to arbitration, since this Court could decide the underlying grievances on the merits. Further, if this Court can make such substantive determinations, there is no imminent harm to the Plaintiff stemming from the purported failure of the Agency to engage in arbitration. Therefore, the extraordinary remedy of equitable relief will not lie. *See McCarthy v. Madigan*, 503 U.S. 140, 146–49 (1992).

Beyond this fatal inconsistency between the relief sought by Plaintiff in its Complaint and its subsequent position in its Response, the authorities relied upon by Plaintiff are of questionable value since they have been expressly discredited by this

2

Court.

2.  District of Columbia Precedent Instructs That Plaintiff Must Exhaust Administrative Remedies Prior to Obtaining Judicial Review.

Plaintiff primarily relies on interpretations outside of this Circuit of the 1994 Congressional amendment to Section 7121(a)(1): *ASEDAC v. Panama Canal Comm.*, 329 F.3d 1235 (11th Cir. 2003) and *Mudge v. United States*, 38 F.3d 1220 (Fed. Cir. 2002). Accordingly, Plaintiff fails to address this Court's decision in *Filebark v. Dep't of Trans.*, 468 F. Supp. 2d 3 (D.D.C. 2006)[1] on the very same topic.

In *Filebark*, this Court rejected Plaintiff's attempt to short-circuit the administrative process by prematurely interjecting Federal Judiciary review. *Id.* at 7. *Filebark* expressly rejected the logic of *ASEDAC* and *Mudge*, and simultaneously reaffirmed the holding in *Steadman v. U.S. Soldiers' & Airmen's Home*: "Our Circuit requires that a party exhaust administrative remedies available to it in a labor dispute before an action can be brought in District Court." *Id.* at 7–11 citing 918 F.2d 963, 968 (D.C. Cir. 1990); *Covertino v. Dep't of Justice*, 393 F. Supp. 2d 42, 45 (D.D.C. 2005)(finding that the exhaustion requirement helps prevent the interruption of the administrative process, allows the administrative agency to exercise its expertise and promotes judicial efficiency).

Nor does *Whitman* v. *Dep't of Transportation* instruct to the contrary. 547 U.S. 512

---

[1]There are additionally significant factual differences, both procedural and substantive, between the authorities relied on by Plaintiff and the facts at hand which militate against obviating the exhaustion requirement. However, *Filebark*'s general exhaustion requirement renders these differences irrelevant.

(2006). In *Whitman*, the petitioner filed in Federal District Court after his claim was dismissed by the Federal Labor Relations Authority ("FLRA") for lack of subject matter jurisdiction.[2] *Whitman v. Dep't of Trans.*, 382 F.3d 938, 940 (9th Cir. 2004). Petitioner's claim for reconsideration was likewise denied by the FLRA. *Id.* The Supreme Court granted *certiorari*, but remanded *per curiam* to resolve, as the Plaintiff terms it, "the various procedural issues". *Whitman*, 547 U.S. at 512 ; (Plaintiff's Reply to Defendant's Motion to Dismiss at p. 13.) What the Plaintiff fails to acknowledge in its Opposition is that one of those "procedural issues" was "whether the petitioner had exhausted his administrative remedies" an answer to which would "obviate the need to decide a more difficult question of preclusion." *Whitman*, 547 U.S. at 512. As such, Plaintiff's rather liberal interpretation of *Whitman* to affirm the holdings of *ASEDAC* and *Mudge* is not only non-persuasive, but also simply incorrect.

    Since this Court continues to require exhaustion of administrative remedies under *Filebark*, the only issue before the Court is whether this exhaustion requirement was met. Since, as Defendant has argued in its Motion (*See* Defendant's Motion to Dismiss, § I(A), p. 3.) and as will be explained below, Plaintiff has failed to meet this requirement, dismissal of Plaintiff's Complaint is warranted.

---

[2] Here, unlike *Whitman*, the FLRA would have subject matter jurisdiction over the allegations in Plaintiff's Complaint. (*See* Defendant's Motion to Dismiss, § I(A), p. 3))

3. <u>Plaintiff Failed to Exhaust Administrative Remedies Since Plaintiff's Voluntary Withdrawal of Various Unfair Labor Charges Deprived the FLRA of the Ability to Execute Final Agency Action</u>.

The Plaintiff claims "that a voluntary withdrawal, **solicited** by the FLRA, is an adjudication of the charge on the merits." (Response at p. 15 (emphasis in original).) The Plaintiff, however, provides no legal basis for this assertion. Presumably, the Plaintiff believes this withdrawal to equate to the final agency action required to exhaust administrative remedies.

Even assuming this alleged solicitation by the FLRA Regional Director ("RD") on behalf of the General Counsel ("GC") equates to an adjudication on the merits as the Plaintiff contends, judicial review is not available even when the FLRA GC declines to issue an unfair labor charge "because such decisions do not constitute final agency action." *Patent Office Prof. Ass'n v. FLRA*, 128 F.3d 751, 752 (D.C. Cir. 1997)(holding that the Federal Services Labor Defendant Relations Act ("FSLMRA") only provides judicial review of limited class of final decisions from the Authority, not a General Counsel or a Regional director). Presuming the Plaintiff disagreed with the FLRA RD's decision not to issue a charge, the Plaintiff could have appealed that decision to the GC. 5 C.F.R. § 2423.11(c). Subsequently, if the Plaintiff remained unsatisfied with the GC's decision, the Plaintiff could have sought reconsideration. § 2423.11(g). Instituting the instant suit, Plaintiff improperly attempts to interject this Court not only at a premature moment, but also at the wrong level. 5 U.S.C. § 7123(a)(providing limited judicial review at the Circuit Court of Appeals, not the District Court).

In neglecting to pursue its members' grievances before the FLRA, Plaintiff has failed to exhaust administrative remedies.  Plaintiff does have an administrative remedy which would provide the very same relief sought by this Complaint.[3] (*See* Defendant's Motion to Dismiss, § I(A), p. 3.)  Because Plaintiff has failed to exhaust administrative remedies as required by *Fairbark* and its progeny, Defendant's Motion should be granted.

4. <u>Plaintiff's Contention That Judicial Review Is Warranted under the APA Is Baseless Because the Congress Expressly Empowered FLRA to Compel a Party to Arbitrate</u>.

Contrary to Plaintiff's assertions, review under the Administrative Procedures Act ("APA") is not warranted here since the FSLMRA not only provides administrative review of agency action, but also empowers the FLRA to remedy Unfair Labor Practices with equitable relief to compel a party to participate in required arbitration.  (*See* Defendant's Motion to Dismiss at § I(A), p. 3.)  Since the FLRA may provide the very outcome Plaintiff seeks, Plaintiff's contentions for independent APA review are baseless.

5. <u>Plaintiff Cannot Obviate the Requirement to Exhaust Administrative Remedies by Claiming Constitutional Injury Since Those Allegations and Plaintiff's Statutory Claims Are Based on the Same Set of Operative Facts</u>.

Since the Plaintiff's constitutional and statutory claims are based on the same operative facts and since remedy for the statutory claims will likewise adequately

---

[3] Because not only adequate equitable relief, but complete relief is available through the FLRA, Plaintiff's reliance on *NTEU v. King*, 961 F.2d 240 (D.C. Cir. 1992) exception is misplaced.  (Response at p. 18.).

remedy the constitutional claims, Plaintiff must first exhaust administrative remedies before the FLRA.  (*See* Defendant's Motion at § II, p. 10)

### CONCLUSION

In promulgating the FSLMRA, Congress carefully crafted an administrative remedial scheme for labor disputes, such as the one at bar.  Obviating the need for parties to engage in that process is inefficient and counterintuitive.

For the foregoing reasons, Defendant Department of Defense, Pentagon Force Protection Agency, respectfully submits that its Motion to Dismiss the Complaint should be granted.


Respectfully Submitted,


_____/s_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____/s_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


\_\_\_\_\_/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.

_____/s_____
BENTON G. PETERSON,
Assistant United States Attorney