UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRATERNAL ORDER OF POLICE, D.C. LODGE 1, DEFENSE PROTECTIVE SERVICES LABOR COMMITTEE, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1624 (RMC) |
| ROBERT M. GATES, Secretary of the Department of Defense, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Defendant Robert M. Gates, in his official capacity as Secretary of the Department of Defense, moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim. *See* Dkt. # 8. The Motion to Dismiss will be granted.

**I. BACKGROUND**

Plaintiff Fraternal Order of Police, D.C. Lodge 1, Defense Protective Services Labor Committee, Inc. ("Plaintiff" or "FOP"), is the exclusive representative of police officers employed by the Department of Defense, Pentagon Force Protection Agency ("PFPA" or "Defendant"), concerning personnel policies and practices and other conditions of employment. Compl. ¶¶ 6, 10. The PFPA is an agency within the Department of Defense and is subject to the authority and control of Secretary Gates. *Id*. ¶ 8. The FOP brings this suit on behalf of certain of its members who have filed grievances with the Defendant.

The FOP and Defendant are parties to a collective bargaining agreement (the "CBA"),

which provides a grievance and arbitration procedure for the resolution of disputes.  Compl. ¶¶ 21-22, Ex. A.  Article 50 of the CBA provides:

> A grievance is any complaint by any employee concerning any matter relating to the employment of the employee; or by the Union concerning any matter relating to the employment of any unit employee; or by any employee, the Union or Employer concerning: (a) The effect or interpretation, or claim of breach of this agreement; or (b) Any claimed violation, misinterpretation or misapplication of any law, rule, or regulation affecting conditions of employment.

Ex. A, Section 50.01.  Article 51 of the CBA provides:

> Within twenty (20) days following a receipt of a decision at Step 3,[1] the party who initiated the grievance will notify the other party if it intends to submit the matter to arbitration.  Within seven (7) days after notification, the moving party will request a panel of arbitrators from the Federal Mediation and Conciliation Service (FMCS) or any other source.  Within fourteen (14) days from receiving a list of arbitrators, the Parties will select an arbitrator.  If the panel is unacceptable to either party one additional panel may be requested.  If the Parties cannot agree upon an arbitrator, they will strike one (1) name from the list alternately and then repeat this procedure until only one (1) name remains.  The person whose name remains will be selected as the arbitrator.  The party striking the first name from the list in each case will be chosen by a coin toss or otherwise as agreed.

*Id.*, Section 51.01.

Plaintiff alleges that the FOP, acting on behalf of certain members, lodged various grievances with the Defendant, that as part of this grievance process, these members validly invoked arbitration, and that Defendant refused to participate in arbitration.  Compl. ¶¶ 23-28.  The fifteen

---

[1] The CBA provides that, in "Step 1," the grievance is presented to the employee's immediate supervisor for review and a written response within seven days.  If the employee/representative is unsatisfied with the decision at Step 1, he or she may submit the grievance to a "Watch Commander or designee" within seven days and a written response will be issued within seven days thereafter.  If the employee/representative remains unsatisfied, he or she may submit the grievance to the "Bureau Commander or designee" within seven days and a written response will be issued within seven days thereafter.  *See id.*, Section 50.09.

grievances at issue involve, *inter alia*, performance appraisals and disciplinary actions. *Id.* ¶ 24. "For more than a year in some cases and up to three years in others, the FOP has attempted to have the [D]efendant meet with the [FOP] and select an arbitrator from the respective FMCS lists. The [D]efendant refuses to meet with the FOP and select an arbitrator from the respective FMCS lists." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [Dkt. # 11] at 3-4 (citing Compl. ¶¶ 25-26).

Plaintiff claims that Defendant's non-participation in arbitration violates the members' constitutional and statutory rights under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*. Plaintiffs seek declaratory relief and for this Court to "[e]njoin the defendant from further failure and refusal from meeting with the FOP in a timely manner and selecting an arbitrator." *See* Compl. at 9 (Prayer for Relief). Defendant argues that Plaintiff failed to exhaust its administrative remedies and the case should be dismissed for failure to state a claim.

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A sufficient complaint "contains a short and plain statement of the claim showing that the pleader is entitled to relief" enough "to give a defendant fair notice of the claims against him." *Ciralsky v. CIA*, 355 F.3d 661, 668-70 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

The court must treat the complaint's factual allegations — including mixed questions

of law and fact — as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *see also Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, No. 07-7105, 2008 U.S. App. LEXIS 9627, at *14 (D.C. Cir. Apr. 29, 2008) (under Rule 12(b)(6), "a court must construe a complaint liberally in the plaintiff's favor, accepting all of the allegations in the complaint as true, even if doubtful in fact") (citing *Twombly*, 127 S. Ct. at 1965). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *19 n.4; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "A complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet*, 2008 U.S. App. LEXIS 9627, at *19 n.4.

In deciding a 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, the Court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### III. ANALYSIS

The United States is immune from suit except where it has expressly consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity cannot be

implied; it must be unequivocally expressed. *See, e.g.*, *United States v. Nordic Village, Inc.*, 503 U.S. 30-33-34 (1992). The APA provides for a limited waiver of sovereign immunity for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. However, a plaintiff may not rely on this waiver "if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id*. As explained below, the APA's waiver of sovereign immunity is specifically precluded by provisions of the Federal Services Labor Defendant Relations Act ("FSLMRA") under the Civil Service Reform Act ("CSRA"). Accordingly, Plaintiff cannot obtain relief under the APA. *See id*. §§ 701, 704 (permitting APA review only for final agency action "for which there is no other adequate remedy"); *Mittleman v. United States*, 997 F. Supp. 1, 13 n.30 (D.D.C. 1998).

    **A.**    **Federal Services Labor Defendant Relations Act ("FSLMRA")**

The FSLMRA, 5 U.S.C. § 7101, *et seq*. (2007), permits individuals to seek a remedy for unfair labor practices before the Federal Labor Relations Authority ("FLRA"). *See* 5 U.S.C. § 7116. Any collective bargaining agreement which exists between a Federal employer and a union must include "procedures for the settlement of grievances, including questions of arbitrability." *Id*. § 7121(a)(1). Included within the definition of unfair labor practices is an agency's refusal to participate in arbitration and the provision of equitable relief through the FLRA. *See Dep't of Army v. Nat'l Ass'n of Gov't Empls.*, 1986 FLRA LEXIS 324, at *7-10 (1986) (holding that failing to comply with the requirements of § 7121 constitutes an unfair labor practice under §§ 7116(a)(1) & (8)); *Dep't of Labor v. Am. Fed. of Gov't Empls. ("AFGE")*, 10 FLRA 316, 321 (1982) (holding that a party may not unilaterally refuse to participate in arbitration under § 7121). Congress has empowered the FLRA with equitable powers to compel a party to a collective bargaining agreement

to arbitrate. *See* § 7118(a)(7)(A); *see also AFGE*, 10 FLRA at 322 (ordering the agency to "cease and desist from unilaterally refusing or failing to proceed to arbitration regarding a grievance").

The FSLMRA requires a party to exhaust administrative remedies before obtaining judicial relief for an actual or threatened injury. *See* 5 U.S.C. § 7123(a) ("[a]ny person aggrieved by any final order of the Authority . . . may . . . institute an action for judicial review of the Authority's order in the Untied States Court of Appeals"); *see also Steadman v. Governor, U.S. Soldiers & Airman's Home*, 918 F.2d 963, 966 (D.C. Cir. 1990). In *Steadman*, union members sought to invoke the equitable powers of the district court to compel the union to arbitrate their claims against the agency after the union had allegedly breached its duty to arbitrate on behalf of its members. The court held that the district court erred in allowing the case to proceed in federal court before exhaustion of administrative remedies. *See Steadman*, 918 F.2d at 963 ("We think the government is correct and the district court improperly injected the federal judiciary, at a premature stage into the CSRA's carefully developed system of administrative review. In so doing, the district court asserted authority which it manifestly lacks, to order arbitration of these claims under the collective bargaining agreement."). Because the FLRA may compel an agency or union to arbitrate, *see* 5 U.S.C. § 7118(a)(7)(A), Plaintiff was obligated to seek relief there before coming to federal court.[2]

---

[2] Plaintiff argues that a 1994 amendment to the FSLMRA gives the FOP "the right to redress their claims in federal court even though they may have remedies under the negotiated grievance procedures." Pl.'s Opp'n at 12 (citing 5 U.S.C. § 7121(a)). After 1994, some courts have held that "the Civil Service Reform Act (CSRA) no longer forecloses judicial review of employment grievances that are included within a CBA's negotiated grievance procedure." *See Mudge v. United States*, 308 F.3d 1220, 1226 (Fed. Cir. 2002) (citing cases). However, Plaintiff's Complaint does not ask this Court to review the underlying grievances at issue; it asks this Court to compel Defendant to arbitrate. Thus, the 1994 amendment is not relevant to the Court's decision here. Moreover, courts in this Circuit continue to hold that exhaustion of

B.   **Exhaustion of Administrative Remedies**

Plaintiff pursued a remedy with the FLRA on at least three occasions, yet never exhausted its efforts. First, the FOP filed an unfair labor practice charge with the FLRA on April 18, 2006, alleging that Defendant refused "to meet and select arbitrators for the resolution of twenty grievances." *See* Def.'s Mot. to Dismiss ("Def.'s Mem.") [Dkt. # 6] at 6-7, Ex. A (FLRA Case No. WA-CA-06-0390). This charge was voluntarily withdrawn by Plaintiff on May 2, 2006, and the FLRA closed the case on May 10, 2006. Def.'s Mem., Ex. A. Second, Plaintiff filed an unfair labor practice charge with the FLRA on September 14, 2006. Def.'s Mem. at 7, Ex. D (FLRA Case No. WA-CA-06-0671). This charge alleged, *inter alia*, that Defendant "has refused to meet with the Union officials as part of its obligation to select an arbitrator on numerous pending grievances that have been advanced to arbitration." Def.'s Mem., Ex. D. The FLRA dismissed the charge for the FOP's "lack of cooperation" and "failure to cooperate in the investigation." *Id*. Plaintiff never filed an administrative appeal of this decision. *See* 5 C.F.R. § 2423.11(c) (providing an avenue for the appeal of dismissed charges to the General Council within 25 days of dismissal); *see id*. § 2423.11(d) (allowing the appealing party to request an extension of time to appeal). Third, on April 5, 2007, Plaintiff filed a charge of an unfair labor practice "concerning the removal of a federal employee," alleging that: "To date, the agency has refused to acknowledge the FOP's request or respond to select an arbitrator." Def.'s Mem. at 8; Ex. F (FLRA Case No. WA-CA-07-0371). On September 4, 2007, Plaintiff voluntarily withdrew this charge and the case was closed. Def.'s Mem., Ex. J.

---

administrative remedies is a prerequisite to relief in federal court. *See Filebark v. United States Dep't of Transp.*, 468 F. Supp. 2d 3, 7 (D.D.C. 2006) ("Our Circuit requires that a party exhaust the administrative remedies available to it in a labor dispute before an action can be brought in District Court.").

7

Thus, although Plaintiff has complained to the FLRA of the same matters comprising the Complaint, Plaintiff has neither pursued its administrative remedies to a decision on the merits, nor appealed any charge's dismissal to the General Council of the FLRA.

Plaintiff contends that it did, in fact, exhaust its administrative remedies before bringing suit. *See* Compl. ¶ 5. Plaintiff argues that its voluntarily withdrawal of administrative cases constitutes an adjudication of the charges on the merits because the withdrawals were solicited by the FLRA. "[A]s it applies to the investigation and resolution of the unfair labor practice, the General Counsel utilizes various devices to adjudicate the merits of a case and manage its workload. One of those methods is the solicitation of a withdrawal from the charging party by the regional investigator. . . . [A] solicited withdrawal . . . [is] unreviewable." *See* Pl.'s Opp'n at 15.

Plaintiff offers no legal basis for the assertion that a voluntary withdrawal is an adjudication of the charge on the merits or final agency action. *Compare Turgeon v. FLRA*, 677 F.2d 937, 940 (D.C. Cir. 1982) (refusal of General Counsel of FLRA to issue a complaint was not a final order and, therefore, not judicially reviewable). Were the solicitation of withdrawal by FLRA Regional Directors on behalf of the General Counsel equal to an adjudication on the merits, which it is not, judicial review would be unavailable. *See Patent Office Prof'l Ass'n v. FLRA*, 128 F.3d 751, 752 (D.C. Cir. 1997) (holding that the FSLMRA only provides judicial review of a limited class of final decisions issued by the Authority, not by the General Counsel or a Regional Director). If Plaintiff disagreed with the FLRA Regional Director's decision not to issue a complaint on its behalf, Plaintiff could have appealed that decision to the General Counsel. *See* 5 C.F.R. § 2423.11(c). Subsequently, Plaintiff could have sought reconsideration of any adverse decision by the General Counsel. *See id.* § 2423.11(g). The instant Complaint seeks this Court's intervention

not only at a premature point in the proceedings, *see Filebark*, 468 F. Supp. 2d at 7, but also in the wrong court, *see* 5 U.S.C. § 7123(a) (providing limited judicial review in the federal circuit courts of appeal).

Although Plaintiff asserts constitutional claims, *see* Compl. ¶¶ 29-30, 33-34 (asserting Fifth Amendment violations),[3] Plaintiff is still obligated to exhaust its administrative remedies before the FLRA. "The fact that the . . . claim involves constitutional rights not adjudicable in the administrative hearing does not *per se* alter the exhaustion requirement . . . . [W]hen an alleged constitutional violation 'is intertwined with a statutory one, and Congress has provided machinery for the resolution of the latter,' the plaintiff must exhaust its administrative remedies before the district court may hear its case." *See Nat'l Treasury Employees Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) (citations omitted); *Steadman*, 918 F.2d at 966. "In other words, when the statutory and constitutional claims are 'premised on the same facts' and 'the administrative process [is] fully capable of granting relief,' exhaustion is required." *King*, 961 F.2d at 243; *see also Andrade v. Lauer*, 729 F.2d 1475, 1493 (D.C. Cir. 1984). Because Plaintiff's statutory and constitutional claims are premised on the same facts, and because the administrative process provides the relief Plaintiff seeks (*i.e.*, an order compelling Defendant to arbitrate), exhaustion is required. *King*, 961 F.2d at 243.

---

[3] Cause of Action No. 1 complains that "[t]he actions of the defendant in refusing to meet with the FOP to select an arbitrator from each respective FMCS list is contrary to [P]laintiff's and its member's [sic] constitutional rights, powers, privileges or immunities under the Fifth Amendment to the United States Constitution, and therefore, are not in accordance with the 'APA' pursuant to 5 U.S.C. § 706(2)(B)." Compl. ¶ 30. Cause of Action No. 3 includes the same language and also complains that Defendant's actions deny the members "equal protection under the law . . . and therefore, are not in accordance with the 'APA.'" *Id*. ¶ 34.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. # 8] will be granted.

A memorializing order accompanies this Memorandum Opinion.


Date:   June 13, 2008                    _____/s/_____
                                         ROSEMARY M. COLLYER
                                         United States District Judge